**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-1345**

_____

KESSLYN BRADE STENNIS,

             Plaintiff - Appellant,

        v.

BOWIE STATE UNIVERSITY,

             Defendant - Appellee.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, Senior District Judge.  (8:16-cv-01362-RWT)

_____

Submitted:  November 28, 2017                     Decided:  December 27, 2017

_____

Before GREGORY, Chief Judge, and KEENAN and DIAZ, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

Nathaniel D. Johnson, White Plains, Maryland, for Appellant.  Brian E. Frosh, Attorney General of Maryland, Matthew P. Reinhart, Assistant Attorney General, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kesslyn Brade Stennis appeals the district court's order dismissing her complaint raising retaliation claims against Bowie State University ("BSU") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2012), Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 to 1688 (2012), and the Maryland Fair Employment Practices Act ("FEPA"), Md. Code Ann., State Gov't § 20-606(a)(1)(i) (LexisNexis 2014). We vacate the district court's order only as to Stennis' claim under Title IX that her department chair took several actions with the intent to deny her tenure application and affirm the district court's order in all other respects.

We review de novo a district court's dismissal of a complaint under Fed. R. Civ. P. 12(b)(6), accepting factual allegations in the complaint as true and "draw[ing] all reasonable inferences in favor of the [nonmoving party]." *Kensington Volunteer Fire Dep't v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012) (internal quotation marks omitted). To survive a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

The district court analyzed Stennis' complaint under the familiar *McDonnell Douglas*[1] framework. To establish a prima facie case of retaliation,[2] a plaintiff is

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

required to "show (1) that she engaged in protected activity; (2) that her employer took an adverse action against her; and (3) that a causal connection existed between the adverse activity and the protected action." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 578 (4th Cir. 2015) (alterations and internal quotation marks omitted). We apply the same standards in ruling on a Title IX retaliation claim that we do in ruling on a Title VII claim. *Preston v. Va. ex rel. New River Cmty. Coll.*, 31 F.3d 203, 207 (4th Cir. 1994); *see also Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173-74 (2005) (holding that Title IX prohibits retaliating against an individual for complaining of sex discrimination). Maryland courts look to federal law interpreting Title VII in applying the FEPA. *Haas v. Lockheed Martin Corp.*, 914 A.2d 735, 742 (Md. 2007).

Stennis contends that the district court erred in concluding that she failed to allege that she engaged in protected activity under Title VII and FEPA. Title VII distinguishes between two forms of protected activity:  participation and opposition. *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 259 (4th Cir. 1998).  "Activities that constitute participation are outlined in the statute:  (1) making a charge; (2) testifying; (3) assisting; or (4) participating in any manner in an investigation, proceeding, or hearing

---

[2] A Title VII plaintiff need not plead facts that constitute a prima facie case to survive a motion to dismiss. *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 584-85 (4th Cir. 2015).  However, Stennis does not argue that the district court erred in applying the prima facie standard. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (alterations and internal quotation marks omitted)).

under Title VII." *Id.* Here, Stennis complained to a BSU human resources representative that Stennis was being retaliated against for investigating and reporting, at the department chair's direction, her students' concerns that the chair was discriminating against them. However, "[e]very Court of Appeals to have considered th[e] issue squarely has held that participation in an internal employer investigation not connected with a formal EEOC proceeding does not qualify as protected activity under the participation clause." *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 49 (2d Cir. 2012); *see also Laughlin*, 149 F.3d at 259 (noting alleged protected activity occurred before complainant filed suit). Stennis did not file her intake questionnaire with the EEOC until months after her report to the human resources employee, after the chair had already recommended that she be denied tenure and created the alleged hostile work environment. Thus, we conclude that the district court correctly determined that Stennis did not engage in participation activity.

We similarly conclude that Stennis failed to allege that she engaged in opposition activity. We have "articulated an expansive view of what constitutes oppositional conduct, recognizing that it encompasses utilizing informal grievance procedures as well as staging informal protests and voicing one's opinions in order to bring attention to an employer's discriminatory activities." *DeMasters v. Carilion Clinic*, 796 F.3d 409, 417 (4th Cir. 2015) (internal quotation marks omitted). "Title VII is not a general bad acts statute, however, and it does not prohibit private employers from retaliating against an employee based on her opposition to discriminatory practices that are outside the scope of Title VII." *Bonds v. Leavitt*, 629 F.3d 369, 384 (4th Cir. 2011). Title VII and FEPA

4

do not prohibit sex discrimination against students; rather, Title IX protects students from sex discrimination. 20 U.S.C. § 1681(a); *see also* Md. Code Ann., State Gov't § 20-901 (LexisNexis 2014) (prohibiting a state entity from discriminating on the basis of sex and sexual orientation). Accordingly, we affirm the district court's dismissal of Stennis' Title VII and FEPA claims.[3]

Stennis further contends that she suffered an adverse action because her department chair tried (albeit unsuccessfully) to deny her tenure and that she suffered a constructive discharge because of a hostile work environment created by the chair. To state a constructive discharge claim, Stennis was required to allege "(1) the deliberateness of [BSU's] actions, motivated by [retaliatory animus], and (2) the objective intolerability of the working conditions." *Freeman v. Dal-Tile Corp.*, 750 F.3d 413, 425 (4th Cir. 2014) (internal quotation marks omitted). Mere "dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are not so intolerable as to compel a reasonable person to resign." *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 187 (4th Cir. 2004) (internal quotation marks omitted).

We conclude that the district court did not err in dismissing Stennis' constructive discharge claim. While Stennis contends that her work environment was intolerable, she failed to plead any facts to support this contention. Instead, Stennis pled conclusory assertions that she received threatening and intimidating emails and that the environment

---

[3] Because we conclude that Stennis failed to allege that she engaged in a protected activity under FEPA, we do not address the district court's alternative holding that parts of her FEPA claim were barred by the statute of limitations.

was hostile. *See Williams v. Giant Food Inc.*, 370 F.3d 423, 434 (4th Cir. 2004) (concluding allegations that plaintiff's "supervisors yelled at her, told her she was a poor manager and gave her poor evaluations, chastised her in front of customers, and once required her to work with an injured back" failed to establish constructive discharge claim). Moreover, the fact that BSU ultimately awarded Stennis tenure demonstrates that it did not intend to force Stennis to resign.

However, we find that the district court erred in concluding that the department chair's attempts to deny Stennis tenure failed to allege an adverse action. In order to demonstrate that the chair's actions were adverse, Stennis "must show that a reasonable employee would have found the challenged action[s] materially adverse, which in this context means [they] well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006) (internal quotation marks omitted). An adverse action need not affect the terms and conditions of employment. *Id.* at 64. However, there must be "some direct or indirect impact on an individual's employment as opposed to harms immaterially related to it." *Adams v. Anne Arundel Cty. Pub. Schs.*, 789 F.3d 422, 431 (4th Cir. 2015).

Stennis alleged that the department chair altered her job duties and reduced her professional development opportunities, harming her professional standing and chances to ultimately receive tenure, and further recommended denying her tenure application. An employer may commit an adverse action by reducing its employee's opportunities for professional advancement. *White*, 548 U.S. at 69. Additionally, although "reassignment of job duties is not automatically actionable," a reassignment "should be judged from the

6

perspective of a reasonable person in the plaintiff's position, considering all the circumstances." *Id.* at 71 (internal quotation marks omitted). A reasonable professor in Stennis' position could have concluded that these actions were materially adverse. "Tenure is a material condition of employment because it provides long-term job security." *Tolbert v. Smith*, 790 F.3d 427, 435 (2d Cir. 2015). It is reasonable to conclude that a professor's tenure application would be negatively affected if the chair of her department opposed her application. Although Stennis obtained tenure despite the chair's negative recommendation, a reasonable employee could well be dissuaded from reporting a charge of discrimination if she knew it could reduce her chances of ultimately obtaining tenure.

Accordingly, we vacate the portion of the district court's order dismissing Stennis' Title IX claim as it pertains to the department chair's attempts to deny her tenure, and remand for further consideration of this issue. We affirm the district court's order in all other respects. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART, AND REMANDED*

7