**REVISED**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**
_____

No. 96-20157
_____

JAN LOWREY,

Plaintiff-Appellant,

VERSUS

TEXAS A & M UNIVERSITY SYSTEM, d/b/a TARLETON STATE UNIVERSITY,
DENNIS McCABE, LONN REISMAN, LAMAR JOHANSON, JIM JOHNSON,
PAT STEVENSON, and SUSAN BURTON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

July 7, 1997

Before POLITZ, Chief Judge, SMITH and DUHÉ, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Jan Lowrey appeals the denial of leave to amend her complaint and the dismissal, pursuant to FED. R. CIV. P. 12(b)(6), of her cause of action under title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* We dismiss the appeal in part, affirm in

part, reverse in part, and remand.

## I.

Lowrey was employed by Tarleton State University in 1977 as the head Women's Basketball Coach and an instructor in the Physical Education Department. In 1992, she was named Women's Athletic Coordinator. In 1993, she applied for the position of Athletic Director but was not selected. In 1994, she was removed from her position as Women's Athletic Coordinator, although she continues to serve as the Women's Basketball Coach.

Lowrey brought suit against the university and its named individual officials (hereinafter collectively "Tarleton") under title IX, alleging that Tarleton was guilty of employment discrimination on the basis of sex and misallocation of resources among male and female athletes. Moreover, Lowrey alleged that, as a consequence of her participation in complaints and investigations challenging this noncompliance, Tarleton retaliated against her by denying her promotion to the post of Athletic Coordinator, removing her from the position of Women's Athletic Coordinator, and subjecting her and her team to continuing retaliation and harassment.[1]

_____

[1] Specifically, Lowrey alleged that she had protested the perceived inequities in the terms and conditions of her employment and the misallocation of resources throughout her career at Tarleton. In addition, in 1993 she served

(continued...)

2

Lowrey filed her original complaint on September 1, 1995, alleging claims for employment discrimination and retaliation under title IX and joining a state law claim for intentional infliction of emotional distress. On October 3, 1995, this court decided *Lakoski v. James*, 66 F.3d 751 (5th Cir. 1995), *cert. denied*, 117 S. Ct. 357 (1996), concluding that title IX does not provide a private right of action for employment discrimination on the basis of sex in federally-funded educational institutions. On October 12, 1995, Tarleton filed a motion to dismiss the complaint under FED. R. CIV. P. 12(b)(6), relying exclusively on *Lakoski*.

Lowrey responded by moving for leave to amend her complaint in order to add causes of action under title VII of the Civil Rights Act of 1964, the First, Fifth, and Fourteenth Amendments, the Equal Pay Act, and 42 U.S.C. § 1983. Tarleton answered, expressly conceding that it did *not* oppose Lowrey's motion to add additional causes of action, but renewing its motion to dismiss the title IX claims. Without ruling on the motion for leave to amend, the district court dismissed the complaint in its entirety, entering final judgment for Tarleton.

Lowrey now urges us to hold that the district court abused its

---

(...continued)
on a Gender Equity Task Force that allegedly had identified violations of title VII and title IX in the Tarleton athletic department. After this report was submitted to the athletic department, she charged, Tarleton denied her promotion to the post of Athletic Director and removed her from the position of Women's Athletic Coordinator. Finally, Lowrey alleged that the discrimination and retaliation of which she complains escalated after she participated in a civil rights complaint filed with the U.S. Department of Education.

3

discretion in denying her leave to amend, that title IX provides a private right of action for retaliation, and that title VII does not provide the exclusive remedy for claims of employment discrimination on the basis of sex in federally-funded educational institutions.

II.

A.

We review a denial of leave to amend a complaint for abuse of discretion. *Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 934 (5th Cir. 1996), *cert. denied*, 117 S. Ct. 767 (1997); *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). The discretion of the district court is limited, however, by FED. R. CIV. P. 15(a), which provides that "leave shall be freely given when justice so requires." Rule 15(a) expresses a strong presumption in favor of liberal pleading:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reasonSSsuch as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.SSthe leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

B.

Lowrey filed her motion to amend on November 13, 1995, attaching as an exhibit thereto her proposed First Amended Original Complaint. Nevertheless, the district court dismissed the entire complaint on December 4, 1995, without ruling on the motion.

5

Lowrey argues that this constructive denial of her motion to amend constituted a *per se* abuse of discretion. Her objection is well taken.

The Supreme Court has explicitly disapproved of denying leave to amend without adequate justification:

> Of course the grant or denial of the opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman*, 371 U.S. at 182. Caselaw from this circuit is in accord. *See Rolf v. City of San Antonio*, 77 F.3d 823, 828 (5th Cir. 1996); *Halbert v. City of Sherman*, 33 F.3d 526, 529-30 (5th Cir. 1994); *Conti v. Sanko S.S. Co.,* 912 F.2d 816, 818-19 (5th Cir. 1990). "Given the policy of liberality behind Rule 15(a), it is apparent that when a motion to amend is not even considered, much less not granted, an abuse of discretion has occurred." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987).

Furthermore, the touchstone of the inquiry under rule 15(a) is whether the proposed amendment would unfairly prejudice the defense by denying the defendants notice of the nature of the complaint. *See*, *e.g.*, *Engstrom v. First Nat'l Bank*, 47 F.3d 1459, 1464 (5th Cir.), *cert. denied*, 116 S. Ct. 75 (1995); *Conti*, 912 F.2d at 818. Tarleton expressly informed the district court that it did not object to Lowrey's proposed amendments to the complaint.

6

Therefore, there was no justification for denial of leave to a-mend.[2]

## C.

In March 1996, Lowrey refiled her lawsuit, alleging causes of action under title VII, the Equal Pay Act, the First, Fifth, and Fourteenth Amendments, and § 1983.[3] Consequently, the only claims at issue in the instant appeal that are not likewise pending in the subsequent lawsuit are the title IX claims for employment discrimination and retaliation. Because the title IX claims were raised in the original complaint, however, the erroneous denial of leave to amend did not divest the district court of jurisdiction over these claims, which thus are properly before us on appeal. Because the remaining claims are pending in the subsequent lawsuit, Lowrey will suffer no prejudice from our refusal to consider her

---

[2] In this regard, it is noteworthy that rule 15(a) authorizes amended pleadings "only by leave of court or by written consent of the adverse party." Insofar as Tarleton consented to the proposed amendments, therefore, the district court disregarded the express terms of the rule by denying the motion to amend.

Moreover, the proposed amendment merely stated alternative legal theories for recovery on the same underlying facts, rather than fundamentally altering the nature of the case. *Cf. Patterson*, 90 F.3d at 934 (holding that defendants were not prejudiced by amendments to an employment discrimination claim, because the original claim gave notice of the nature of the case); *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992) (affirming order denying leave to amend where the amended complaint would have "established an entirely new factual basis for the plaintiffs' claims" and thus "radically altered the nature of trial on the merits"), *reinstated in relevant part*, 37 F.3d 1069, 1073 & n.8 (5th Cir. 1994) (en banc).

[3] *See Lowrey v. Texas A & M Univ. Sys.,* No. H96-0834 (S.D. Tex. filed Mar. 12, 1996). Although the pleadings in this subsequent lawsuit are not part of the record on appeal in the instant case, we may take judicial notice of pending judicial proceedings.

amended complaint now.

Insofar as Lowrey has successfully refiled the same causes of action that she sought to allege in her proposed amended complaint, she has suffered no prejudice from the judgment. Therefore, although the district court abused its discretion in denying leave to amend, this error is rendered moot by the subsequent lawsuit.[4]

## III.

Lowrey urges us to overrule *Lakoski* and create a private right of action for employment discrimination under title IX. Alternatively, she argues that the *Lakoski* court did not consider whether title IX affords a private right of action for retaliation.

## A.

The district court dismissed the entire complaint, pursuant to rule 12(b)(6), exclusively on the ground that *Lakoski* precludes a private right of action under title IX. We review the dismissal of a complaint under rule 12(b)(6) *de novo*. *Blackburn v. Marshall*,

---

[4] Our conclusion necessarily assumes that all claims in the pending lawsuit are timely filed and procedurally correct and that the case is in a posture for adjudication on the merits. Obviously, if Lowrey cannot have her day in court, the denial of leave to amend is not moot.

At oral argument, we requested that Tarleton advise us whether it would waive any affirmative defenses, such as the statute of limitations or *res judicata*, to the subsequent lawsuit. The Office of the Attorney General has provided such assurances to this court. Therefore, in order to ensure that our decision does not inadvertently close the doors of the courthouse, Tarleton is judicially estopped from raising any affirmative defenses to the second lawsuit that could not have been raised in the instant case, had the district court properly granted leave to file the amended complaint.

8

42 F.3d 925, 931 (5th Cir. 1995).

A motion to dismiss under rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards,* 677 F.2d 1045, 1050 (5th Cir. 1982). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank,* 781 F.2d 440, 442 (5th Cir. 1986). The district court may not dismiss a complaint under rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn*, 42 F.3d at 931. This strict standard of review under rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 601 (1969).

B.

In *Lakoski*, we held that title VII provides the exclusive remedy for individuals alleging employment discrimination on the basis of sex in federally funded educational institutions. *Lakoski*, 66 F.3d at 753. Lowrey urges us to reconsider *Lakoski*. This we cannot do, as one panel of this court cannot overrule the

decision of another panel; such panel decisions may be overruled only by a subsequent decision of the Supreme Court or by the Fifth Circuit sitting *en banc*. *See FDIC v. Dawson*, 4 F.3d 1303, 1307 (5th Cir. 1993); *Burlington N.R.R. v. Brotherhood of Maintenance of Way Employees*, 961 F.2d 86, 89 (5th Cir. 1992); *Pruitt v. Levi Strauss & Co.*, 932 F.2d 458, 465 (5th Cir. 1991) (citing cases). Therefore, even if we were inclined to disagree with *Lakoski*, we would deny Lowrey's invitation to reconsider *Lakoski*, which is the settled law of this circuit. Title IX does not afford a private right of action for employment discrimination on the basis of sex in federally funded educational institutions.

## C.

In addition to her allegations of employment discrimination, Lowrey charged that Tarleton had systematically misallocated resources among male and female athletes in violation of title IX. She alleged that, as a consequence of her participation in the Gender Equity Task Force (which identified alleged violations of titles IX and title VII), her constant objection to such discriminatory practices, and her participation in a civil rights complaint filed with the Department of Education, Tarleton has retaliated against her, *inter alia*, by denying her a promotion to the position of Athletic Director and by terminating her position as Women's Athletic Coordinator.

10

Consequently, Lowrey attempted to state a claim for retaliation under title IX. The district court dismissed this retaliation claim pursuant to rule 12(b)(6), however, holding that *Lakoski* precludes a private cause of action for retaliation under title IX. On appeal, Lowrey argues that this cause of action for retaliation arises exclusively under the provisions of title IX, not title VII, and thus is not preempted by title VII under the specific holding of *Lakoski*. We agree.

1.

The relationship between title VII and title IX is complex, and never more so than in the instant case. In order to determine whether title IX affords Lowrey a cause of action for retaliation, we must first "strip away" any allegations that would support a private cause of action for retaliation under title VII. To do so, we must distinguish between retaliation suffered by Lowrey as a consequence of her participation in complaints and investigations challenging alleged employment discrimination by Tarleton and retaliation suffered as a consequence of her participation in complaints and investigations challenging alleged violations of title IX. Insofar as the former allegations form the basis of this retaliation claim, Lowrey's cause of action is barred under the analysis employed in *Lakoski*.

Because we have previously held that title VII provides the exclusive remedy for allegations of employment discrimination in federally funded educational institutions, *Lakoski*, 66 F.3d at 753, it necessarily follows that the anti-retaliation provisions of title VII likewise provide the exclusive remedy for retaliation against employees of such federally funded educational institutions who raise allegations of employment discrimination.[5] We will not

---

[5] Title VII provides that it shall be an unlawful employment practice for any employer to retaliate against an employee or an applicant for employment "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

(continued...)

compromise the integrity of the comprehensive remedial scheme enacted by Congress to redress claims of employment discrimination, nor will we undermine the specific protections against retaliation that accompany that scheme. *See* 42 U.S.C. § 2000e-3(a).

Therefore, insofar as Lowrey stated an employment discrimination claim against Tarleton, she likewise stated a retaliation claim arising under title VII. Because this retaliation claim is cognizable under title VII, the rule of *Lakoski* preemption applies, and title IX affords no private right of action to the employees of federally funded educational institutions who suffer retaliation as a consequence of allegations of employment discrimination.

In order to state a claim for retaliation under title IX, therefore, Lowrey is obliged to rely exclusively on her allegations charging Tarleton with violations of title IX, not title VII. Therefore, we must determine whether *Lakoski* likewise precludes a claim for retaliation, arising under title IX, that is based exclusively on allegations of noncompliance with the substantive provisions of title IX.

2.

For purposes of the present inquiry, we assume *arguendo* that

---

(...continued)
42 U.S.C. § 2000e-3(a).

13

Tarleton systematically violated title IX by misallocating resources among male and female athletes, that Lowrey objected to these continuing violations of title IX, and that Tarleton discriminated against Lowrey in retaliation for her opposition to such noncompliance with title IX. Taking all these facts as true, as we are obliged to do for purposes of rule 12(b)(6), we must determine whether the preemption doctrine of *Lakoski* precludes a private right of action for retaliation under title IX.

We conclude that the preemption rule of *Lakoski* is inapposite. Whereas *Lakoski* held that title VII preempts a private right of action for *employment discrimination* under title IX, to protect the integrity of the title VII administrative exhaustion requirement, the court did *not* consider whether title IX creates a private right of action for *retaliation* against an employee who complains about noncompliance with the substantive provisions of title IX. Indeed, the holding of *Lakoski* was expressly limited to the context of employment discrimination, not retaliation:

> Given this compelling evidence that Title IX prohibits the same employment practices proscribed by Title VII, we hold that individuals seeking money damages for *employment discrimination* on the basis of sex in federally funded educational institutions may not assert Title IX either directly or derivatively through § 1983.

*Lakoski*, 66 F.3d at 758 (emphasis added).[6]

---

[6] By "employment discrimination," of course, the *Lakoski* court meant discrimination on the basis of sex. While retaliation is technically a form of employment discrimination, it is not independently prohibited by the proscription

(continued...)

14

This is no mere semantic distinction. The preemption rule of *Lakoski* is predicated on the assumption that title VII affords a private right of action for claims of employment discrimination on the basis of sex in federally funded educational institutions, rendering a private right of action under title IX duplicative. *See Lakoski*, 66 F.3d at 755. Indeed, the *Lakoski* court concluded that the prohibition against employment discrimination in title VII is identical to the proscription of sex discrimination in title IX, thereby guaranteeing that the title VII enforcement procedures will fully vindicate the rights created under title IX. *Id*. at 756-57.[7]

In contrast, the anti-retaliation provisions of titles VII and IX are *not* identical, and title VII provides no remedy for retaliation against individuals who raise charges of noncompliance with the substantive provisions of title IX. Title VII prohibits retaliation only against individuals who oppose discriminatory employment practices or participate in complaints or investigations of employment practices prohibited by title VII. *See* 42 U.S.C. § 2000e-3(a).

---

(...continued)
against discrimination on the basis of sex in federally-funded educational institutions, which is the heart of title IX. Rather, the prohibition against retaliation is intended to vindicate the antidiscrimination principle of title IX.

[7] Thus, the *Lakoski* court cited *Irby v. Sullivan*, 737 F.2d 1418 (5th Cir. 1984), in which we held that title VII is the exclusive remedy for violations of rights created by title VII. *Lakoski*, 66 F.3d at 755. The preemption doctrine of *Lakoski* is appropriate, therefore, only in the context of claims that arise independently under title VII.

15

By its plain language, therefore, title VII does not prohibit retaliation against complainants who challenge the misallocation of resources in violation of title IX, as such complaints are wholly unrelated to the discriminatory employment practices proscribed by title VII.  Unlike the plaintiff in *Lakoski*, therefore, Lowrey cannot obtain relief under title VII.  Accordingly, *Lakoski* is inapposite.

The *Lakoski* court narrowly tailored its holding to individuals seeking money damages under title IX "for employment practices for which Title VII provides a remedy."  *Lakoski*, 66 F.3d at 752. Title VII provides no remedy, however, to employees of federally funded educational institutions who have suffered retaliation as a consequence of their opposition to noncompliance with title IX. Consequently, Lowrey asserts a cause of action for retaliation that arises exclusively under title IX, without a corollary right under title VII.

Under such circumstances, title VII does not preempt title IX. Although the district court erred in holding that *Lakoski* preempted a private right of action for retaliation under title IX, however, this conclusion does not end our inquiry.


D.

Having decided that Lowrey's cause of action for retaliation is not precluded by *Lakoski*, we must reach the underlying question

16

whether title IX affords a private right of action for retaliation against the employees of federally funded educational institutions. We conclude that it does.

Title IX does not explicitly create private rights of action for the victims of discrimination in federally funded educational institutions. Indeed, the sole remedial measure provided by the express terms of the statute is the termination of federal funding. *See* 20 U.S.C. § 1982; 34 C.F.R. § 106.71; *see also Lakoski*, 66 F.3d at 754-55 (noting the limited remedies available under title IX). Therefore, the plain language of the statute creates no private right of action for retaliation. Nevertheless, the Supreme Court has found implied private rights of action under title IX in certain circumstances.[8]

Lowrey urges this court to imply a private right of action from administrative regulations promulgated by the Department of Education for the purpose of implementing and enforcing title IX. *See* 34 C.F.R. § 106.1. These regulations prohibit, *inter alia*, retaliation against any individual who has made a complaint, testified, or participated in any manner in an investigation into alleged noncompliance with title IX. *See* 34 C.F.R. § 100.7(e).[9]

---

[8] *See Franklin v. Gwinnett County Pub. Schs.*, 503 U.S. 60, 63 (1992); *Cannon v. University of Chicago*, 441 U.S. 677, 709 (1979).

[9] Title IX incorporates by reference the anti-retaliation provisions of title VI, 42 U.S.C. § 2000d, which prohibits unlawful discrimination in programs receiving federal assistance. *See* 34 C.F.R. § 106.71 (incorporating by reference the procedural provisions of title VI); 34 C.F.R. § 100.7(e) (prohibiting
(continued...)

17

Just as the Supreme Court has recognized an implied right of action to vindicate the provisions of title IX, Lowrey argues, this court likewise should recognize an implied private right of action to vindicate the anti-retaliation provisions of 34 C.F.R. § 100.7(e).[10]

In *Cort v. Ash*, 422 U.S. 66 (1975), the Court articulated a test to determine whether a federal statute implies a private right of action. It is axiomatic that a plaintiff must satisfy four prerequisites to qualify for such an implied right of action:

> (1) Is this plaintiff a member of the class for whose "especial" benefit the statute was enacted? In other words, does the statute create a federal

---

(...continued)
retaliation by a recipient of federal funds against any individual who makes a complaint or participates in an investigation under the relevant statute).

[10] This court has recognized that a private right of action may be implied from an administrative regulation promulgated pursuant to a federal statute. *See Gomez v. Florida State Employment Serv.*, 417 F.2d 569, 576 (5th Cir. 1969). Our position is consistent with the general rule, which holds that private rights of action may be implied from administrative regulations as well as from federal statutes, provided the private right of action may be inferred from the enabling statute. *See* JACOB A. STEIN, GLENN A. MITCHELL & BASIL J. MEZINES, ADMINISTRATIVE LAW § 50A.01[1] (1996).

Although we have occasionally suggested otherwise in *dictum*, we have never overruled *Gomez*. *See*, *e.g.*, *Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754, 759 (5th Cir. 1987); *Stewart v. Bernstein*, 769 F.2d 1088, 1092 n.6 (5th Cir. 1985). Moreover, as we have explained, a decision by one panel cannot be overruled by a subsequent panel. Consequently, *Gomez* remains the law in the Fifth Circuit. Finally, because Tarleton does not contest the proposition that a private right of action may be implied from an administrative regulation as well as a statute, we have no occasion to reconsider *Gomez* in the instant case.

Nevertheless, we recognize that a generation of Supreme Court jurisprudence has intervened since the decision in *Gomez*, transforming the legal landscape. Accordingly, the methodology governing implied rights of action may be different when an administrative regulation, rather than a federal statute, forms the basis of the private right of action. *See*, *e.g.*, *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 947 (3d Cir. 1985); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534-37 (9th Cir. 1984). When the question is properly presented, therefore, it may be appropriate to reconsider the principles governing the implication of private rights of action from administrative regulations.

18

right for this plaintiff?

(2) Is there any evidence of legislative intent, whether explicit or implicit, to create or deny a private remedy?

(3) Is it consistent with the legislative scheme to imply a private remedy?

(4) Is the cause of action one traditionally relegated to state law so that implying a federal right of action would be inappropriate?[11]

*Louisiana Landmarks Soc'y v. City of New Orleans*, 85 F.3d 1119, 1122 (5th Cir. 1996) (quoting *Cort*, 422 U.S. at 78). We will analyze the instant case under the same framework.

1.

First, we must determine whether Lowrey is a member of the special class for whose benefit 34 C.F.R. § 100.7(e) was enacted. *Cannon*, 441 U.S. at 689; *Cort*, 422 U.S. at 78; *Louisiana Landmarks*, 85 F.3d at 1123. As with any question of statutory construction, we begin our analysis with the plain language of the regulations. *See Cannon*, 441 U.S. at 689; *Louisiana Landmarks*, 85 F.3d at 1123.

The plain language of the regulations dictates the conclusion that Lowrey is an intended beneficiary of 34 C.F.R. § 100.7(e) and is a member of the special class for whom the regulations were

---

[11] Because this cause of action arises under a federal anti-discrimination law, the implication of a private right of action under title IX would not intrude on traditional areas of state sovereignty. Therefore, this final requirement is not relevant to the instant case. *See Cannon*, 441 U.S. at 708-09.

19

enacted. First, the regulations expressly state:

> *Any person* who believes himself *or any specific class of individuals* to be subjected to discrimination prohibited by this part may by himself or by a representative file with the responsible Department official or his designee a written complaint.

34 C.F.R. § 100.7(b) (emphasis added). Lowrey alleges that she complained about the systematic misallocation of resources among male and female athletes at Tarleton, thereby qualifying as a complainant under the terms of the regulations.[12] Furthermore, the regulations expressly prohibit retaliation against such complainants:

> No recipient or any other person shall intimidate, threaten, coerce, or discriminate against *any individual* . . . because he has made a complaint, testified, assisted, or participated *in any manner* in an investigation, proceeding or hearing under this part.

34 C.F.R. § 100.7(e) (emphasis added). Therefore, Lowrey was fully entitled to raise complaints and to participate in investigations concerning the alleged violations of title IX and likewise was entitled to the protection against retaliation afforded by § 100.7(e).[13] Given our command to enforce the plain language of

---

[12] Note that the regulations do not impose a standing requirement upon complainants; indeed, they expressly disavow any requirement that the complainant be a member of the class that suffers discrimination in violation of title IX. *See* 34 C.F.R. § 100.7(b). Therefore, Lowrey was entitled to raise complaints on behalf of the female students at Tarleton, provided she otherwise qualified under the terms of the regulations.

[13] Perhaps there is a factual question as to whether Lowrey participated in the complaints and investigations covered by these administrative regulations, but this is an issue of fact for the district court. For purposes of rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.
(continued...)

the regulations, *see Cannon*, 441 U.S. at 689, we conclude that Lowrey is a member of the special class for whose benefit § 100.7(e) was issued.

For purposes of this decision, it is important to distinguish between a cause of action for *discrimination* under title IX and a cause of action for *retaliation* under that title. It is axiomatic that Lowrey cannot state a claim for discrimination on behalf of her students. Therefore, were we asked to afford Lowrey a remedy for the rights of her students, we would hold that she does not have standing to assert the rights of third persons under title IX. *See, e.g., Rowinsky v. Bryan Indep. Sch. Dist.*, 80 F.3d 1006, 1009 n.4 (5th Cir.), *cert. denied*, 117 S. Ct. 165 (1996).[14]

That is not the issue in this case, however. Lowrey does not assert the rights of her students to be free from discrimination; rather, she claims that Tarleton retaliated against her personally by demoting her from her position as Women's Athletic Coordinator and by refusing to promote her to the post of Athletic Director. Hence, Lowrey asserts a personal cause of action for retaliation,

---

(...continued)
*Campbell*, 781 F.2d at 442. Therefore, we must assume *arguendo* that Lowrey qualifies as a complainant under the regulations.

[14] *See also Boucher v. Syracuse Univ.*, 1996 WL 328444, at *3-*4 (N.D.N.Y. June 12, 1996) (holding that third persons do not have standing to assert title IX claims on behalf of female athletes); *Bryant v. Colgate Univ.*, 1996 WL 328446, at *4-*5 (N.D.N.Y. June 11, 1996) (same); *Pederson v. Louisiana State Univ.*, 912 F. Supp. 892, 903-04 (M.D. La. 1996) (same); *Deli v. University of Minn.*, 863 F. Supp. 958, 962 (D. Minn. 1994) (suggesting that college coaches do not have standing to assert title IX claims on behalf of female athletes).

premised on a personal injury, that derives from her complaints of unlawful discrimination against the female athletes at Tarleton. Therefore, her cause of action for retaliation is a personal claim. She "asserts [her] own right to be free from retaliation, alleges injuries that are personal to [her], and is the only effective plaintiff who can bring this suit." *Maynard v. City of San Jose*, 37 F.3d 1396, 1403 (9th Cir. 1994).[15] Consequently, the fact that Lowrey would not have standing to assert a discrimination claim on behalf of her students does not deprive her of standing to assert a personal retaliation claim under § 100.7(e).[16]

Furthermore, this court has endorsed a similar construction of anti-retaliation provisions in the employment discrimination laws. For example, we recently held that the anti-retaliation provision of the Age Discrimination in Employment Act ("ADEA") "permits third parties to sue under [the ADEA] if they have engaged in the enumerated conduct, *even if the conduct was on behalf of another*

---

[15] In *Maynard*, the court held that although a white plaintiff generally does not have standing under § 1983 to assert the rights of minorities who have suffered from racial discrimination, a white plaintiff *does* have standing to raise a personal claim of retaliation suffered as a consequence of opposition to discrimination against minorities. *Maynard*, 37 F.3d at 1402-03.

[16] Our conclusion that Lowrey may raise a retaliation claim under title IX is consistent with the test for actionable retaliation against a public employee in violation of the First Amendment. Public employees do not forfeit the right to freedom of expression, and a public employee who expresses his opinion on a matter of "public concern" is protected from retaliation by the First Amendment. *See Connick v. Myers*, 461 U.S. 138, 142-47 (1983); *Cabrol v. Town of Youngsville*, 106 F.3d 101, 108 (5th Cir. 1997); *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1050 (5th Cir. 1996). Moreover, "whistleblowing" by public employees constitutes protected speech on a matter of public concern, "within the protective bosom of the First Amendment." *Brown v. Texas A & M Univ.*, 804 F.2d 327, 337 (5th Cir. 1986); *accord Wallace*, 80 F.3d at 1050-51.

22

*employee's claim of discrimination*." *Holt v. JTM Indus.,* 89 F.3d 1224, 1226 n.1 (5th Cir. 1996), *cert. denied*, 65 U.S.L.W. 3764, 65 U.S.L.W. 3766 (U.S. May 19, 1997) (No. 96-1472) (emphasis added).[17]

Likewise, we have held that one employee's opposition to discriminatory employment practices directed against a fellow employee may be protected activity under the anti-retaliation provision of title VII. *See Jones v. Flagship Int'l*, 793 F.2d 714, 727 (5th Cir. 1986). Because we find no principled distinction between the anti-retaliation provision at issue in this case and the nearly identical provisions in *Holt* and *Jones*, we conclude that Lowrey has standing to invoke the anti-retaliation provisions of § 100.7(e).[18]

Finally, every federal court to consider this issue has held that teachers may state claims for retaliation under title IX.[19]

---

[17] In *Holt*, we held that the spouse of a complainant does not acquire derivative standing to state a claim for retaliation merely by virtue of his relationship with the plaintiff. *See Holt*, 89 F.3d at 1226. The court explained that *participation* is the *sine qua non* for a retaliation claim. If the plaintiff participated, *in any manner*, in a complaint or investigation on behalf of a third person, he has standing to state a claim for retaliation. *Id.* at 1226-27. In the instant case, there is no question that Lowrey satisfies this standard.

[18] Indeed, we have acknowledged that the anti-retaliation provisions of title VII and the ADEA are nearly identical, and we therefore have construed the provisions consistently. *See Holt*, 89 F.3d at 1226 n.1. Likewise, the anti-retaliation provision of title IX is similar to those of title VII and the ADEA and should be accorded a similar interpretation. *Compare* 34 C.F.R. § 100.7(e) (title IX) *with* 42 U.S.C. § 2000e-3(a) (title VII) *and* 29 U.S.C. § 623(d) (ADEA).

[19] *See Clemes v. Del Norte County Unified Sch. Dist.*, 843 F. Supp. 583, 587-90 (N.D. Cal. 1994) (holding that a teacher who complained of sex discrimination on behalf of his students had standing to raise an individual retaliation claim under
(continued...)

We join these courts in concluding that title IX affords an implied cause of action for retaliation under 34 C.F.R. § 100.7(e) and that the employees of federally funded educational institutions are members of the class for whose special benefit this provision was enacted.

2.

Having determined that Lowrey is a member of the special class for whose benefit 34 C.F.R. § 100.7(e) was promulgated, we must consider whether there is any evidence of legislative intent to create or deny a private remedy for retaliation under title IX. *See Louisiana Landmarks*, 85 F.3d at 1122. "The central inquiry remains whether Congress intended to create, either expressly or by implication, a private cause of action." *Touche Ross & Co. v.*

(...continued)

title IX); *see also Clay v. Board of Trustees*, 905 F. Supp. 1488, 1493-95 (D. Kan. 1995) (same); *Nelson v. University of Maine Sys.*, 923 F. Supp. 275, 278-80 (D. Me. 1996) (holding that title VII principles govern retaliation claims arising under title IX and assuming that teachers have standing to raise retaliation claims under title IX based upon complaints raised on behalf of their students).

Furthermore, several of our sister circuits have recognized that teachers may state a claim for retaliation under title IX, albeit in the context of claims alleging employment discrimination in violation of both title IX and title VII. *See, e.g., Brine v. University of Iowa*, 90 F.3d 271 (8th Cir. 1996); *Preston v. Virginia ex rel. New River Community College*, 31 F.3d 203 (4th Cir. 1994); *Willner v. Budig*, 848 F.2d 1032 (10th Cir. 1988); *cf. Murray v. New York Univ. Coll. of Dentistry*, 57 F.3d 243 (2d Cir. 1995) (extending title VII retaliation law to a cause of action raised by a student, not an employee, under title IX); *Lendo v. Garrett County Bd. of Educ.*, 820 F.2d 1365 (4th Cir. 1987) (assuming, without deciding, that title IX affords a private right of action for retaliation to employees who raise complaints about violations of title IX). Insofar as title VII would afford an independent cause of action for retaliation in these employment discrimination cases, they are inconsistent with *Lakoski*. Nevertheless, they represent the judgment of our sister circuits that title IX does afford a private right of action for retaliation to the employees of federally- funded educational institutions.

24

*Redington*, 442 U.S. 560, 575 (1979).

Title IX contemplates an implied private right of action, *see Cannon*, 441 U.S. at 694-703, that includes a claim for money damages, *see Franklin*, 503 U.S. at 76. Consequently, given that the Court previously has recognized that title IX implies a private remedy, we reason that title IX likewise implies a private right of action for retaliation under 34 C.F.R. § 100.7(e).[20]

Moreover, the Supreme Court has recognized that the employees of federally funded educational institutions are among the intended beneficiaries of title IX. *See North Haven Bd. of Educ. v. Bell*, 456 U.S. 512, 520-21 (1982).

> Section 901(a)'s broad directive that "no person" may be discriminated against on the basis of gender appears, on its face, to include employees as well as students. Under that provision, employees, like other "persons," may not be "excluded from participation in," "denied the benefits of," or "subjected to discrimination under" education programs receiving federal financial support.

---

[20] For purposes of determining whether to imply a private right of action from an administrative regulation, the legislative intent underlying the enabling statute must be imputed to the regulations, in order to accord proper deference to the rulemaking authority granted to the administrative agency by Congress. *See Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 947 (3d Cir. 1985); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 536-37 (9th Cir. 1984). Provided the regulations further the substantive purposes of the enabling act, a private right of action may be implied from the regulations. *See Angelastro*, 764 F.2d at 947; *Robertson*, 749 F.2d at 536-37.

In the instant case, the regulations in question were promulgated pursuant to an express grant of rulemaking authority. *See* 20 U.S.C. § 1682. Furthermore, the anti-retaliation provision furthers the statutory purposes of title IX. *See Preston v. Virginia ex rel. New River Community College*, 31 F.3d 203, 206 n.2 (4th Cir. 1994). Therefore, we conclude that the private right of action created by title IX incorporates the anti-retaliation provision of 34 C.F.R. § 100.7(e).

25

*Id*. at 520.[21]  Therefore, we see no principled basis upon which to distinguish the implied private right of action recognized in *Cannon* and *Franklin* from the implied private right of action at issue in the instant case, given our prior conclusion that Lowrey has standing to state a claim for retaliation under title IX. Accordingly, we conclude that 34 C.F.R. § 100.7(e) creates an implied private right of action for retaliation under title IX.

3.

Finally, we must determine whether the implication of a private right of action would undermine the legislative scheme. *Louisiana Landmarks*, 85 F.3d at 1122.  "[A] private remedy should not be implied [under title IX] if it would frustrate the underlying purpose of the legislative scheme." *Cannon*, 441 U.S. at 703.  It appears that the implication of a private right of action for retaliation under title IX would undermine the legislative scheme of neither title IX nor title VII.

It is this third prong of the test that distinguishes the instant case from *Lakoski*.  There, we declined to recognize an implied private right of action for employment discrimination under title IX, because to do so would undermine the comprehensive remedial scheme enacted in title VII to redress employment

---

[21] Although the *Bell* Court did not recognize an implied private right of action for the employees of federally funded educational institutions, the Court was not called upon to do so; the only issue was the validity of administrative regulations terminating federal funding in cases of noncompliance with title IX.

26

discrimination. *Lakoski*, 66 F.3d at 754. The premise of *Lakoski*§§like that of other courts refusing to create remedies that would undermine the statutory scheme of title VII[22]§§is that an implied right of action for employment discrimination under title IX would defeat the "larger federal legislative scheme designed to protect individuals from employment discrimination on the basis of sex." *Lakoski*, 66 F.3d at 755. Therefore, in *Lakoski* we honored the established doctrine governing implied private rights, by refusing to recognize an implied private right of action under title IX that would undermine the legislative scheme of title VII.

In contrast, as we have explained, title VII does not afford a private remedy for retaliation against employees of federally-funded educational institutions who complain about noncompliance with the substantive provisions of title IX. Therefore, implication of a private right of action for retaliation under 34 C.F.R. § 100.7(e), narrowly tailored to the claims of employees who suffer retaliation exclusively as a consequence of complaints alleging noncompliance with the substantive provisions of title IX, would not defeat the legislative scheme of title VII.

To the contrary, the implication of a private right of action for retaliation would serve the dual purposes of title IX,[23]

---

[22] *See, e.g., Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366 (1979); *Irby v. Sullivan*, 737 F.2d 1418 (5th Cir. 1984).

[23] The Supreme Court has recognized that title IX seeks to accomplish two related, yet distinct objectives. "First, Congress wanted to avoid the use of

(continued...)

27

by creating an incentive for individuals to expose violations of title IX and by protecting such whistleblowers from retaliation. Accordingly, the implication of a private right of action for retaliation is consistent with the statutory purposes of title IX. Indeed, the Supreme Court has approved the implication of a private right of action under title IX "when that remedy is necessary or at least helpful to the accomplishment of the statutory purpose." *Cannon*, 441 U.S. at 703.

4.

In summary, we conclude that the instant case, unlike *Lakoski*, satisfies all the elements for the implication of a private right of action, as required by the Supreme Court in *Cort* and *Cannon*. Consequently, we hold that 34 C.F.R. § 100.7(e) implies a private right of action for retaliation, narrowly tailored to the claims of employees who suffer unlawful retaliation solely as a consequence of complaints alleging noncompliance with the substantive provisions of title IX. *See Cannon*, 441 U.S. at 717.

---

(...continued)
federal resources to support discriminatory practices; second, it wanted to provide individual citizens effective protection against those practices." *Cannon*, 441 U.S. at 704. Whereas the express provision authorizing termination of federal funding is generally sufficient to accomplish the first objective, the Supreme Court has recognized that an implied private right of action is required to accomplish the second. "The award of individual relief to a private litigant who has prosecuted her own suit is not only sensible but is also fully consistent with§§and in some cases even necessary to§§the orderly enforcement of the statute." *Id*. at 705-06.

IV.

Lowrey is entitled to have her day in court. Because she has successfully refiled her claims under title VII, the Equal Pay Act, and § 1983 in a subsequent lawsuit, however, the appeal from denial of leave to amend the complaint is DISMISSED as moot.

Insofar as Lowrey stated a claim for employment discrimination under title IX, the dismissal of this cause of action for failure to state a claim is AFFIRMED. Title IX affords no private cause of action for employment discrimination, and we decline to create one. Insofar as Lowrey stated a claim for retaliation under title IX, however, the dismissal of this cause of action for failure to state a claim is REVERSED, and the case is REMANDED to the district court for further proceedings consistent with this opinion.

We emphasize that our decision to recognize an implied private right of action for retaliation under title IX does not signal a retreat from the doctrine of *Lakoski*. Here we decide only that the employees of federally funded educational institutions who raise complaints, or participate in investigations, concerning compliance with the substantive provisions of title IX are protected from retaliation by 34 C.F.R. § 100.7(e) and enjoy an implied private right of action for money damages to vindicate their rights.

The judgment is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion. We express absolutely no view on the ultimate merits of any of

29

Lowrey's claims.