**RIVER OAKS CONVALESCENT CENTER, INC. and Roscoe Z. Word Plaintiffs/Counter–Defendants**

v.

**COAHOMA COUNTY and Scotty A. Meredith In his Individual and Official Capacity as Coroner and Medical Examiner of Coahoma County Defendants**

and

**Scotty A. Meredith, In his Individual Capacity Counter–Plaintiff**

and

**Ginger MITCHELL Third–Party Complainant**

No. 2:02CV56.

United States District Court, N.D. Mississippi, Delta Division.

Aug. 26, 2003.

William H. Liston, Liston/Lancaster, Winona, F.G. Jack Bobo, Johnson Bobo PLLC, Clarksdale, for River Oaks Convalescent Center, Inc., Roscoe Z. Word, plaintiffs.

John D. Price, Wise, Carter, Child & Caraway, Jackson, Mark David Morrison, Ken R. Adcock, Gore Kilpatrick Purdie Metz & Adcock, Ridgeland, David L. Min-

yard, Hill, White & Minyard, P.A., Sidney Ray Hill, III, Clayton O'Donnell Walsh, PLLC, Oxford, for Coahoma County, Mississippi, Scotty A. Meredith, In His Official Capacity as Coroner and Medical Examiner of Coahoma County, MS and In His Individual Capacity, defendants.

### MEMORANDUM OPINION

MILLS, District Judge.

This cause comes before the Court on separate motions to dismiss submitted by the defendant Coahoma County [50–1] and the defendant Scotty A. Meredith [47–1]. The Court has reviewed the briefs and exhibits and is prepared to rule. The plaintiffs are River Oaks Convalescent Center Inc. ("River Oaks") and its owner, Roscoe Z. Word. The defendants are Coahoma County, Mississippi, and Scotty A. Meredith, who served as the County's Coroner and Medical Examiner at the time of the events underlying this action.

### FACTS

On May 31, 2001, River Oaks and Word filed suit in the Coahoma County Circuit Court, initially against Meredith only in his individual capacity, alleging that Meredith set out on a course of action to injure the plaintiffs' trade and business. Specifically, the plaintiffs accused Meredith of maliciously misrepresenting the causes of death for several River Oaks patients in order to accuse River Oaks of homicide. The plaintiffs allege that this allegedly libelous conduct was in retaliation for River Oaks' actions in bringing criminal charges against an employee named Ginger Mitchell. Mitchell, with whom Meredith allegedly had a "close personal relationship," was apparently indicted and convicted of the embezzlement of patients' funds. Meredith and Mitchell deny having had any improper relationship.

On May 11, 2002, the plaintiffs dismissed the state law case and then filed this action the next day against Meredith in both his official and individual capacity and against Coahoma County. This complaint alleged violations of the plaintiffs rights under 42 U.S.C. § 1983, as well as a state law claims of libel per se. Meredith later filed a counterclaim for libel against the plaintiffs stemming from the plaintiffs' implication that he was having an affair with Mitchell, and Mitchell later intervened to join him as a third-party complainant against the plaintiffs. Both Meredith and Coahoma County now separately seek to dismiss all of the plaintiffs' state law claims against them, arguing that the statute of limitations has run on those claims. Coahoma County also argues that it is immune to the plaintiffs' libel claims under the Mississippi Tort Claims Act.

After this motion was fully briefed, the plaintiffs amended their complaint to include counts for negligence, and negligent and/or intentional infliction of emotional distress. Because these additional counts were not briefed by the parties, the Court will address only the state law libel claims in this order.

### ANALYSIS

Motions to dismiss are viewed with disfavor and rarely granted. *Lowrey v. Texas A & M University System,* 117 F.3d 242, 247 (5th Cir.1997). The Court must construe the complaint liberally in favor of the plaintiff and accept all facts pleaded in the complaint as true. *Lowrey,* 117 F.3d at 247. The Court may not dismiss a complaint under rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)).

The libel claims against Meredith are governed by Mississippi Code Annotated

§ 15–1–35, which provides for a one-year statute of limitations after the cause of action for libel accrues. Miss.Code Ann. § 15–1–35. The state law claims against Coahoma County are governed by the Mississippi Tort Claims Act (the "MTCA") which provides for a one-year statute of statute of limitations "after the date of the tortious, wrongful or otherwise actionable conduct" upon which liability is premised. Miss.Code Ann. § 11–46–11(3). *See Ellisville State School v. Merrill,* 732 So.2d 198, 202 (Miss.1999)(explaining differences between libel statute of limitations under general statute and MTCA).

■ In libel cases, the Mississippi Supreme Court generally follows the "single publication rule" which holds that "[s]ince the gravamen of the offense is not the knowledge by the plaintiff nor the injury to his feelings but the degrading of reputation, the right accrued as soon as the paper was exhibited to third persons in whom alone such repute is resident." *Ellisville State School,* 732 So.2d at 200 (quoting *Forman v. Mississippi Publishers Corp.,* 195 Miss. 90, 14 So.2d 344, 347 (1943)). However, the Court carved out a narrow exception to the single publication rule "in that limited class of libel cases in which, because of the secretive or inherently undiscoverable nature of the publication the plaintiff did not know, or with reasonable diligence could not have discovered, that he had been defamed." *Staheli v. Smith,* 548 So.2d 1299, 1303 (Miss.1989). In such a situation, a discovery rule tolls the statute of limitations until such time as the plaintiff knew or should have known of the defamatory statements. *Staheli,* 548 So.2d at 1303 (applying rule to defamatory statements made in plaintiff's tenure file which plaintiff was not allowed to see).

■ This narrow exception does not apply to libel actions brought pursuant to the MTCA, however, as the differing language of the two statutes, combined with differing policy rationales, led the Mississippi Supreme Court to reject application of the discovery rule to libel cases brought against the State and its political subunits. *Ellisville State School,* 732 So.2d at 201–02.

■ The parties appear to agree that the last allegedly defamatory statement made by Meredith was on July 11, 2000, when he attributed the death of former River Oaks resident Ophelia Lewis to "homicide" in a death certificate. The plaintiffs, however, argue that the discovery rule is applicable and that they could not have known that Meredith's statements were actually defamatory until the investigation into Lewis's death was completed on November 7, 2000. The Court finds the plaintiffs' suggestion that a statement made in a public document cannot be defamatory until an investigation disproves the statement to be somewhat dubious. However, for the purposes of this motion to dismiss, the Court accepts the November 7, 2000 date as the date of publication, at least with regard to the claim against Meredith. The claim against Coahoma County is governed by *Ellisville.*

■ Under the plain language of the MTCA, July 11, 2000 was the last date of "tortious, wrongful, or otherwise actionable conduct" on the part of Meredith. Accordingly, the Court finds that the statute of limitations for the plaintiffs' libel claims against Coahoma County ran out on July 11, 2001. The May 12, 2002 filing date for the plaintiffs' claims against the County was clearly after this date, and dismissal of the libel claim against the County is proper.

■ With regard to the claim against Meredith, the Court accepts November 7, 2000 as the last date of publication which establishes November 7, 2001 as the cutoff date for filing. This case was filed on March 12, 2002, which was 551 days after

the last date of publication. However, during that period, the plaintiffs filed an action against Meredith in the Coahoma County Circuit Court and later dismissed it after failing to serve Meredith. The parties agree that this state court action tolled the running of the statute of limitations to some extent, but they disagree on how long. The plaintiffs argue that the statute was tolled from the time they filed the state court action until they dismissed it on March 11, 2002. The defendants argue that it was only tolled for the 120 days the plaintiffs had to serve Meredith, at which time it began to run again.

The Court agrees with the defendants on this point. The Mississippi Supreme Court addressed this issue and held that the filing of an action would serve to toll the statute of limitations until the expiration of the 120–day service period, at which time it would begin to run again. *Watters v. Stripling*, 675 So.2d 1242, 1244 (Miss.1996). Thus, 120 days of the 551 days after the last publication were tolled by the state court action. Nevertheless, this still leaves 431 days, which exceeds the one-year statute of limitations by sixty-six days.

Finally, the plaintiffs attempt to argue that Meredith's alleged conduct falls under the "continuing tort doctrine." Under this doctrine, if a tort results in a repeated injury, "the cause of action begins to run from the date of the last injury, tolling the statute of limitations." *McCorkle v. McCorkle*, 811 So.2d 258, 264 (Miss.App. 2001). In *McCorkle*, a son tried to have his father involuntarily committed twice, once in 1994 and once in 1997. *McCorkle*, 811 So.2d at 264. Seven months after the second commitment hearing, the father sued the son for intentional infliction of emotional distress over the two commitment attempts and for other events happening in the interim. *Id.* The Court held that all of the allegedly tortious actions

were part of the same tort, and since the suit was filed within a year of the last tortious event, the statute of limitations did not bar claims for any of them. *Id.*

The Mississippi Supreme Court explained the doctrine more fully as follows:

[W]here a tort involves a continuing or repeated injury, the cause of action accrues at, and limitations begin to run from, the date of the last injury, or when the tortious acts cease. Where the tortious act has been completed, or the tortious acts have ceased, the period of limitations will not be extended on the ground of a continuing wrong.

A "continuing tort" is one inflicted over a period of time; it involves a wrongful conduct that is repeated until desisted, and each day creates a separate cause of action. A continuing tort sufficient to toll a statute of limitations is occasioned by continual unlawful acts, not by continual ill effects from an original violation.

*Smith v. Franklin Custodian Funds, Inc.*, 726 So.2d 144, 148 (Miss.1998) (citations omitted). The *Smith* Court further noted that "continuing or repeated injuries can give rise to liability even if they persist outside the time period for the initial injury," but "the defendant must commit repeated acts of wrongful conduct," and the court should not apply the doctrine "when harm reverberates from one wrongful act or omission." *Smith*, 726 So.2d at 149.

■ In the case *subjudice*, the plaintiffs argue that under the continuing tort doctrine, the tortious conduct extended past the November 11, 2001 date cited above up to the present day in the form of lawsuits against the plaintiffs, apparently by the family members of former River Oaks patients whose deaths Meredith improperly attributed to the plaintiffs' conduct. Plainly, this constitutes a "continual ill effect" rather than a "continual unlawful act." The continuing tort doctrine does not ap-

ply, and the plaintiffs' libel claims against Meredith are barred by the statute of limitations.

## CONCLUSION

Based on the foregoing analysis, the plaintiffs' libel claims against both Coahoma County and Scotty Meredith are DISMISSED. A separate order to that effect shall issue this day.

## ORDERS

Pursuant to the memorandum opinion issued this day, it is hereby ORDERED:

1. That Coahoma County's motion to dismiss state law libel claims [50–1] is GRANTED, and

2. That Scotty A. Meredith's motion to dismiss state law libel claims [47–1] is GRANTED.