IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 9, 2009

Charles R. Fulbruge III
Clerk

No. 07-50721
Summary Calendar

DANIEL LEE HARRIS

Plaintiff-Appellant

v.

DIRECTOR BRAD LIVINGSTON, Administrative Officer Texas Department of
Criminal Justice

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CV-764

Before DAVIS, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Daniel Harris, federal prisoner # 34040-177, filed the instant 42 U.S.C.
§ 1983 suit to seek redress for alleged improprieties concerning the calculation
of his time served in a state facility. Harris contended that he had been held in
custody for 41 days too long due to a time-calculation error and that he brought
this error to the attention of officials who refused to correct it. Harris

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

subsequently sought leave to file an amended complaint to add two new defendants to his suit.

The district court determined that Harris's claim was barred by Eleventh Amendment immunity and Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The district court concomitantly determined that Harris's motion to amend was futile. The district court dismissed Harris's suit as frivolous and denied his motion to amend. Harris now appeals that judgment. We review both the dismissal of Harris's suit as frivolous and the denial of his motion to amend for an abuse of discretion. Lowrey v. Texas A&M University System, 117 F.3d 242, 245 (5th Cir. 1997); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

Harris argues that the district court should have granted his motion to amend because it was timely filed and because he raised valid claims against the two individuals whom he wished to add as defendants. Harris also argues that the defendants are not entitled to qualified immunity because they should have known that they were violating his rights by keeping him incarcerated beyond his proper release date.

Harris does not address the issues whether the district court erred by concluding that his claim was barred by Eleventh Amendment immunity and Heck, nor does he analyze the propriety of the district court's corresponding determination that his motion to amend was futile because his claim was barred by Heck and Eleventh Amendment immunity. Harris has thus abandoned these issues. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Harris has failed to show that the district court erred by dismissing his suit as frivolous and denying his motion to amend. Consequently, the judgment of the district court is AFFIRMED.