# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 13, 2011

No. 10-10427

Lyle W. Cayce
Clerk

PHILLIP WAINSCOTT,

Plaintiff-Appellant

v.

DALLAS COUNTY, TEXAS; JOHN WILEY PRICE; DALLAS COUNTY BAIL
BOND BOARD,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
No. 3:09–CV–1844–6

Before KING, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

## INTRODUCTION

Plaintiff-Appellant Phillip Wainscott ("Wainscott") appeals the district court's grant of a motion to dismiss in favor of Defendants-Appellees Dallas County, Texas, John Wiley Price, and the Dallas County Bail Bond Board ("Board") on his complaint alleging violations of his due process rights under the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10427

United States Constitution and the Texas Constitution. We REVERSE in part and AFFIRM in part and REMAND.

## I.

Since 1995, Wainscott has been a licensed attorney in Texas, practicing mostly criminal law. As an attorney, he is permitted by the Board to execute bail bonds without holding a license to do so, under certain restrictions. In September 2006, Wainscott ran afoul of the Board's restrictions for improper advertising and his license to write bonds was suspended. He appealed this decision in state court, which granted the Board's motion to dismiss. In January 2007, his license was reinstated upon the expiration of the advertisements, as at that point the Board considered the violations remedied.

In April 2007, Wainscott was suspended for improper advertising yet again.[1] The violations giving rise to this second suspension were not renewed by Wainscott upon their expiration. After he requested that the Board lift the suspension, and the Board's repeated refusal to do so, Wainscott then filed suit in the Northern District of Texas, alleging a violation of his due process rights under the United States Constitution and the Texas Constitution. Wainscott alleged his hearings before the Board were unfair and did not comport with due process. He sought damages and injunctive relief. Defendants filed a motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(2), (4), (5), and (6) on grounds of improper parties, res judicata or claim preclusion, sovereign immunity, qualified immunity, and insufficient service of process. The district court granted the

---

[1] Wainscott was suspended for improper print and electronic advertising. His improper print advertising constituted advertising in the Dallas County Yellow Pages as "Aaron Bail Bonds" or "A Aaron Bail Bonds," a bail bond company, which appears to be non-existent and nonetheless, is not licensed to issue bail bonds in Dallas County. He was linked to these advertisements through his name and telephone number, which were listed on the advertisements. He also issued improper internet advertisements. He avers he notified the Board on March 14, 2008 that he had remedied the offending internet advertisements. He claims that despite this remedy, the Board maintained the suspension of his license.

2

No. 10-10427

motion on improper parties, res judicata, and insufficient service of process.[2]
Wainscott's case was dismissed, and he timely appealed.

## II.

This court reviews *de novo* a district court's grant of a motion to dismiss
under Rule 12(b)(6). *Ballard v. Wall*, 413 F.3d 510, 514 (5th Cir. 2005). To avoid
dismissal for failure to state a claim, a plaintiff's complaint must plead enough
facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,
129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
570 (2007)). The factual allegations must "raise a right to relief above the
speculative level." *Twombly*, 550 U.S. at 555. "[C]onclusory allegations or legal
conclusions masquerading as factual conclusions will not suffice to prevent a
motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir.
2002).

A.   Service of Process

The district court dismissed Wainscott's suit against the Board on the
basis that service was improper and insufficient as a matter of law because
Wainscott failed to serve the Board's presiding officer. The Federal Rules of
Civil Procedure provide that if a defendant is not served within 120 days from
the date the complaint was filed, the court must dismiss the action without
prejudice or order that service be made within a certain time. FED. R. CIV.
P. 4(m). The record reflects that Wainscott filed suit on September 30, 2009.
Therefore, the period for effecting service upon the proper party ended on
January 28, 2010. On January 20, 2010, the attorney for the Board notified
Wainscott that Darryl Thomas was its presiding officer. Wainscott argues that

---

[2] The Northern District of Texas did not reach the merits of Wainscott's argument that
his federal and state substantive and procedural due process rights were violated. Moreover,
the district court did not discuss—much less mention—Defendants' sovereign immunity and
qualified immunity defenses. We, too, decline to reach the merits of these arguments with the
understanding that the district court may consider these issues on remand.

the district court failed to consider the fact that Wainscott served Thomas, whom Wainscott contends is the Board's Presiding Officer, within the 120-day time limit for service of process, prescribed by Rule 4(m).   The record appears to support Wainscott's contention that he served Thomas on January 27, 2010, within the time limit for service of process.   For its part, the Board has not argued that service was either untimely or ineffective to perfect service on the Board.   Because our standard of review requires that the facts be viewed in the light most favorable to Wainscott, and any doubts resolved in his favor, *Lowrey v. Texas A&M University Systems*, 117 F.3d 242, 247 (5th Cir. 1997), we believe Wainscott has articulated grounds for relief on this issue.

B.   Res Judicata

In this court, the test for res judicata (claim preclusion) has four elements: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded to a final judgment on the merits; and (4) the same claim or cause of action was involved in both claims." *Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 934 (5th Cir. 1999).   To determine whether the claims are the same, the court applies the transactional test, which considers whether the claims turn on the same nucleus of operative facts. *Id.* (citations and quotations omitted).   The district court, in disposing of Wainscott's complaint, applied the *In re Southmark Corp.* framework.   Here, because the judgment in the prior action was rendered by a Texas state court—the District Court of Dallas County, Texas—Texas law governs the application of res judicata in this case.   As such, we follow the transactional approach, which bars a subsequent suit if it "arises out of the same subject matter of a previous suit and which, through the exercise of diligence, could have been litigated in a prior suit." *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W. 2d 794, 799 (Tex. 1992) (internal citations and quotation marks omitted).

No. 10-10427

Wainscott argues that the operative facts of the two cases are distinct from one another such that a judgment of res judicata was improper. The 2006 suspension, he argues, was set to end upon expiration of the prohibited advertisements, at which point the violations would be remedied. The subsequent suspension, at the heart of the instant litigation, was indefinite. He believes this overcomes res judicata because his attempts to have the suspension lifted have proved unsuccessful. We find his argument persuasive.

As we follow the transactional approach to res judicata, we find that no amount of due diligence could have facilitated Wainscott's prosecution of his alleged violations of due process arising from his second suspension when he filed suit in Texas state court because the second suspension had not occurred at the time of his first suit. Wainscott's indefinite suspension was initially imposed on April 12, 2007, several months after his state court action was dismissed, on December 19, 2006. Despite the Board's protests, this does not trigger res judicata. *See, e.g.*, *Test Masters Educ. Servs., Inc. v. Singh,* 428 F.3d 559, 572 (5th Cir. 2005) (res judicata did not apply where the operative facts giving rise to the action had not occurred at the time of the earlier suit, although both actions concerned the defendant's infringement of plaintiff's trademark).

Moreover, the facts at the heart of the separate lawsuits are distinctly separate. His amended complaint in the state court action alleged that the Board deprived him of a property interest in violation of his due process rights when it suspended him for advertising as a bail bonds company, which, he averred, explicitly authorized him to advertise as a surety on bail bonds. The instant action, meanwhile, alleges that the Board acted arbitrarily and out of bias against him in refusing to lift a second suspension after he had remedied the specific violations for which he was suspended, even though he allegedly committed no further actions. Without reaching the merits of his complaint, we

5

believe this overcomes the res judicata bar to suit and that the district court erred when it held otherwise.

C.    Improper Parties

The district court dismissed Wainscott's claim against Dallas County and John Wiley Price on the basis that they were not proper parties to the action. The district court held that only the Board had the power to suspend or revoke Wainscott's license to issue bail bonds. On appeal, Wainscott makes no mention of his argument as it relates to the Dallas County. Thus, we construe Wainscott to have abandoned it and only discuss the district court's purported improper parties error solely as it relates to Wainscott's claims against Price in his official and individual capacities. Wainscott avers that he properly stated a claim against Price under 42 U.S.C. § 1983 and that the district court erred when it held otherwise. According to Wainscott, Price intentionally disregarded the Board's rules and knowingly punished and harmed him by indefinitely suspending him from writing bail bonds.

The applicable portion of the Texas Occupational Code explains that "if the Board determines that a person has violated this subsection [of the code], the Board may suspend or revoke the person's authorization to post a bond under this section or may bar the person from executing a bail bond or acting as a surety under this section until the person has remedied the violation." TEX. OCC. CODE ANN. § 1704.163(b). The cessation of an offending party's authorization to issue bail bonds under § 1704.163 can come in the form of a temporary suspension or a revocation of his privileges. *Id.*

Wainscott argues that the advertisement that violated the Board's regulations expired on September 1, 2007 and any print violation was, thus, remedied. He alleges that he notified the Board of having remedied the electronic violations on March 14, 2008. He contends that despite his remedy of the violations, he was nonetheless prevented from issuing bail bonds, and his

No. 10-10427

suspension persisted.  Wainscott also alleges that the Board, by and through Price, acted arbitrarily and out of bias against him by employing terms such as "extinguish" when referring to Wainscott.  This continued suspension of his license to issue bail bonds, he avers, amounted to a violation of his constitutional rights under 42 U.S.C. § 1983.

To the extent that these allegations describe separate causes of action against Price in his individual and official capacities under § 1983, they do not form a basis for overturning the district court's dismissal of those claims. Wainscott has not alleged how Price caused his injury.  Nowhere does Wainscott establish that either Price or Dallas County had the authority to direct the actions of the Board or a duty to supervise the Board, nor does he describe the alleged "improper policies, customs and practices" that he attributes to Dallas County in his pleadings.  Furthermore, the only individual action that Price is alleged to have taken against Wainscott is that Price, as a member of the Board, was biased against him, and stated during a hearing that he wished to "extinguish" Wainscott.  Wainscott has not refuted the district court's conclusion that only the Board acting as a whole had the authority to suspend his ability to write bail bonds, and therefore, that the Board is the only proper party to the action.  Thus, we affirm the district court's dismissal of Wainscott's claims against Dallas County and Price on this basis, and remand only for consideration of his claims against the Board.[3]

### III.

For the reasons stated above, the judgment of the district court is REVERSED in part, AFFIRMED in part, and we REMAND for further proceedings not inconsistent with this opinion.

---

[3] Our preference to exercise our discretion to remand and remain silent on the merits applies with equal force to Dallas County's argument before this court that this case presents no procedural or substantive due process violations.

7