UNITED STATES of America,
Plaintiff–Appellee,

v.

Arnold Edward ROBERTSON,
Defendant–Appellant.

No. 97–50206.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 17, 1998.

Decided Oct. 29, 1998.

Fay Arfa, Los Angeles, CA, for defendant–appellant.

Jerome Friedberg, Assistant United States Attorney, Los Angeles, CA, for plaintiff–appellee.

Appeal from the United States District Court for the Central District of California; William D. Keller, District Judge, Presiding. D.C. No. CR–96–00695–WDK.

Before: BROWNING, PREGERSON, and HAWKINS, Circuit Judges.

PER CURIAM.

Arnold Edward Robertson ("Robertson") appeals his conviction under 18 U.S.C. § 513 of 23 counts of possession of forged securities of an organization. Robertson argues the district court lacked jurisdiction because the McCarran–Ferguson Act, 15 U.S.C. §§ 1011–1015, exempted the insurance industry from federal regulation, and therefore the victim organization in this case, Wausau Insurance Company, does not "affect interstate commerce" as required by § 513. We reject this argument, and affirm.

I.

Robertson claims that under the McCarran–Ferguson Act, insurance companies do not affect interstate commerce as required for federal jurisdiction under § 513. *See generally United States v. Barone*, 71 F.3d 1442, 1446 (9th Cir.1995). Robertson may raise this challenge to the court's subject matter jurisdiction for the first time on appeal. *See United States v. Nukida*, 8 F.3d 665, 668–69 (9th Cir.1993).

II.

In *United States v. South–Eastern Underwriters Association*, 322 U.S. 533, 553, 64 S.Ct. 1162, 88 L.Ed. 1440 (1944), the Supreme Court found that the business of insurance can affect interstate commerce. In response, Congress enacted the McCarran–Ferguson Act, 15 U.S.C. §§ 1011–1015, which allowed the states to continue regulating the insurance industry despite its inter-

state. effects. *See Prudential Ins. Co. v. Benjamin,* 328 U.S. 408, 417–19, 429–30, 66 S.Ct. 1142, 90 L.Ed. 1342 (1946). The Act neither states nor implies that insurance companies do not affect interstate commerce. In fact, Congress explicitly retained authority over the insurance industry. *See* 15 U.S.C. § 1012(b) ("No Act of Congress shall be construed to invalidate ... any law enacted by any State for the purpose of regulating the business of insurance, ... unless such Act specifically relates to the business of insurance...."). Insurance companies can therefore satisfy § 513's requirement that the victim organization be a "legal entity ... which operates in or the activities of which affect interstate ... commerce." 18 U.S.C. § 513(c)(4).[1]

### III.

Robertson also argues that § 513 was not intended to apply to crimes which state authorities could easily prosecute, but instead was intended to allow federal authorities to prosecute schemes of interstate or international proportions. Although this may have been Congress's primary intent, *see United States v. Barone,* 71 F.3d 1442, 1445 n. 6 (9th Cir.1995), Congress did not limit the statute to criminal schemes which cross state lines. Only the victim organization, not the criminal conduct, must affect interstate commerce. *See id.* at 1445. Robertson's offense therefore meets the requirements of § 513.

Because sufficient evidence was presented at trial to prove Wausau Insurance Company affects interstate commerce, Robertson's conviction is AFFIRMED.

1. We do not consider whether the McCarran–Ferguson Act "inversely preempts" § 513, because such preemption is not jurisdictional. *Cf. United States v. Blumeyer,* 114 F.3d 758, 768 (8th Cir.1997); *United States v. Cavin,* 39 F.3d 1299, 1305 (5th Cir.1994); *Dexter v. Equitable Life Assurance Society,* 527 F.2d 233, 236–37 (2d Cir. 1975). Even if the Act were found to preempt § 513, such preemption does not change the fact that insurance companies can "affect interstate commerce" and thus satisfy the jurisdictional requirement of § 513.