**William and Christine KORTE and Kevin and Aimee Sapp, et al., on Behalf of Themselves and as Representatives of a Class of Persons Similarly Situated, Plaintiffs,**

v.

**ALLSTATE INSURANCE COMPANY, Allstate Indemnity Company and Allstate Property and Casualty Company, Defendants.**

**No. 5:97CV165.**

United States District Court,
E.D. Texas,
Texarkana Division.

March 31, 1999.

---

Harry Lee Gillam, Jr., John (Jack) Brown Baldwin, Baldwin & Baldwin, Marshall, TX, Damon Young, Young & Pickett, Texarkana, TX, for Plaintiffs.

Roger Dale Higgins, Robert Wellenberger, Thompson Coe Cousins & Irons, Dallas, TX, John Hawley Holman, Holman Cranford & Langdon, Texarkana, TX, Rodney Lloyd LaGrone, McKool Smith, Dallas, TX, Howard Louis Close, Orgain Bell & Tucker LLP, Beaumont, TX, for Defendant Allstate Ins. Co.

Robert Wellenberger, Thompson Coe Cousins & Irons, Dallas, TX, Rodney Lloyd LaGrone, McKool Smith, Dallas, TX, Howard Louis Close, Orgain Bell & Tucker LLP, Beaumont, TX, for Defendant Allstate Property and Cas.Co.

*MEMORANDUM ORDER*
*AND OPINION*

FOLSOM, District Judge.

Pending before the Court is the Amended Motion to Dismiss (docket entry # 25) filed by Defendants Allstate Insurance Company, Allstate Indemnity Company, and Allstate Property and Casualty Company (collectively "Allstate"). Allstate moves to dismiss all counts of Plaintiffs' First Amended Complaint, asserting that Plaintiffs have failed to state a claim upon which relief may be granted because the filed rate doctrine bars Plaintiffs' claims. For the following reasons, the Court agrees.

*I. Background*

This is a potential class action to recover money damages as a result of an insurance carrier's failure to file car insurance rates under Art. 5.101 of the Texas Insurance Code that are "just, reasonable, adequate, and not excessive for the risk to which they apply."[1] The Plaintiffs are a group of people who applied for and were issued Texas standard automobile insurance policies by Allstate. They are lower-rate regular market insureds. They claim they have been overcharged premiums by Allstate for the years 1992 through 1996, because during those years Allstate's rates filed under Art. 5.101 contained illegal subsidy factor accounts for Allstate's alleged shortfall for assigned risks written through the Texas Automobile Insurance Plan Association (hereinafter "TAIPA") and its predecessor organization, the Texas Automobile Insurance Plan. Consequently, Plaintiffs claim they and the other lower-rate regular market insureds paid higher premiums statewide in order for Allstate to subsidize its state-required risk pool of insureds. The Plaintiffs also claim that during the time periods in question, Allstate's filings were excessive and unlawful because they also utilized a loss and ALIE reduction percentage for the effect of tort reform less than that mandated by the Texas Administrative Code.[2] The Plaintiffs claim that a violation of the "not excessive" requirement of Art. 5.101 is actionable as a breach of contract; negligence; fraud; and a violation of the Texas Deceptive Trade Practices and Consumer Protection Act and/or Texas Insurance Code.[3] The Plaintiffs seek to recover the difference between the amount they were charged for their car insurance and the amount they would have been charged if Allstate's filed rates had not been "excessive for the risks to which they apply."[4] The Plaintiffs also seek punitive damages, attorneys' fees and interest.[5]

■ Allstate contends that this matter should be dismissed because Plaintiffs have no private right of action for Allstate's alleged violation of Art. 5.101 § 3(e) of the Texas Insurance Code. Defendants also maintain that even if Plaintiffs do have a right of action, that action is barred by the filed rate doctrine.[6] Finally, Allstate maintains that this Court lacks subject-matter jurisdiction to establish rates for Plaintiffs' car insurance or to enforce car insurance rates other than those effective under the Texas flexible rating program.[7]

1. Tex. Ins.Code art. 5.101 § 3(e).

2. Plaintiffs' First Amended Complaint, ¶ 16.

3. *Id.* at ¶¶ 18–22.

4. *Id.*

5. Plaintiffs' Amended Complaint does not seek any type of equitable relief.

6. The filed rate doctrine, discussed more fully in later text, generally provides immunity from suit to those regulated entities that file their rates with a regulatory agency, thus making the rates "per se reasonable and unassailable in judicial proceedings brought by ratepayers." *Wegoland Ltd. v. NYNEX Corp.,* 27 F.3d 17, 18 (2d Cir.1994).

7. Although Allstate contends that this Court lacks subject matter jurisdiction under Rule 12(b)(1), Allstate's argument regarding jurisdiction is more properly analyzed with its motion to dismiss for failure to state a claim.

## II. Applicable Law

■ Dismissal pursuant to Rule 12(b)(6) is appropriate only when it appears no relief can be granted under any set of facts that could be proven consistent with the allegations. *See, Heitschmidt v. City of Houston,* 161 F.3d 834 (5th Cir.1998). When ruling on such a motion, the court should "construe all allegations in the complaint favorably to the pleader and accept as true all pleaded facts." *Surgical Care Center of Hammond, L.C. v. Hospital Service District No. 1,* 153 F.3d 220, 222 (5th Cir.1998). A motion to dismiss under Rule 12(b)(6) is "viewed with disfavor and is rarely granted." *Lowrey v. Texas A & M University System,* 117 F.3d 242, 246 (5th Cir.1997). A court may not dismiss a complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* at 247. A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *See Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1988).

■ A 12(b)6 dismissal is also appropriate when the plaintiff has included allegations in his complaint disclosing some absolute defense or bar to recovery. *See Quiller v. Barclays American/Credit, Inc.,* 727 F.2d 1067, 1069 (11th Cir.1984). Allstate contends that the filed rate doctrine applies to Plaintiffs' allegations and is a bar to any recovery.

## III. Filed Rate Doctrine

■ "The filed rate doctrine prohibits a customer from claiming a lower rate than the rate the regulated entity has filed with the regulatory agency, because the filed rate alone governs the relationship between the regulated entity and its customer." *Southwestern Bell Telephone Co. v. Metro Link Telecom, Inc.,* 919 S.W.2d 687, 693 (Tex.App.—Houston [14th Dist.] 1996, writ denied). "The filed rate doctrine assumes that all rates that have been filed and approved are 'reasonable and nondiscriminatory.'" Keith A. Rowley, Note, *Immunity From Regulatory Price Squeeze Claims: From Keogh, Parker, and Noerr to Town of Concord and Beyond,* 70 Tex. L.Rev. 399, 413 (1991) citing *Square D Company v. Niagara Frontier Tariff Bureau, Inc.,* 476 U.S. 409, 415, 106 S.Ct. 1922, 90 L.Ed.2d 413 (1986). Under the filed rate doctrine, regulated entities are prohibited from charging rates for their services other than those properly filed with the appropriate regulatory authority.

The two core principles behind the filed rate doctrine are "that legislative bodies design agencies for the purpose of setting uniform rates and that courts are not institutionally well suited to engage in retroactive rate setting." *Gelb v. American Tel. & Tel. Co.,* 813 F.Supp. 1022, 1027 (S.D.N.Y.1993). Said another way, there are two strands of principles behind the application of the filed rate doctrine. The "nondiscrimination strand" which "[prevents] carriers from price discrimination as between ratepayers," *Marcus v. AT&T Corp.,* 138 F.3d 46, 58 (2d Cir.1998) and the "non-justiciability strand." The "non-justiciability strand preserves the exclusive role of agencies in approving rates for ... services that are 'reasonable' by keeping the courts out of the rate making process." *Id.*

■ The filed rate doctrine applies to not only claims for breach of contract, but also to fraud claims as well, with courts rejecting the idea that there is a fraud exception to its application. *See Wegoland Ltd. v. NYNEX Corp.,* 27 F.3d 17, 20 (2d Cir.1994); *Transportation Data Interchange, Inc. v. AT & T Corp.,* 920 F.Supp. 86, 89–90 (D.Md.1996).

Allstate argues that it is immune from suit under the filed rate doctrine, as the rates charged for the years 1992 through 1996 were properly filed with the Texas Department of Insurance as directed by

Texas Insurance Code art. 5.101, *et. seq.* Thus, Allstate argues, the rates cannot be attacked by the Plaintiffs who are its customers.

The Plaintiffs contend that the filed rate doctrine does not apply in this case for three reasons. They contend the Allstate Companies are not regulated utilities as required by the doctrine; the rates filed by Allstate pursuant to art. 5.101 were not determined by the Texas Department of Insurance, and in fact contravened the statutory standards; and the filed rate doctrine is designed to preclude a utility from charging discriminating rates and application in this case would actually mandate a discriminatory rate charge. Plaintiffs Response to Defendant Allstate's Motion to Dismiss, p. 29.

■ With regard to Plaintiffs' first argument that the doctrine applies only to regulated utilities, Allstate is a regulated entity for purposes of the application of the filed rate doctrine. While the filed rate doctrine had its origins in the area of the common carrier, it has subsequently been extended to apply to a number of regulated industries. See Rowley, 70 Tex. L.Rev. at 413, n. 79 citing *Square D Co. v. Niagara Frontier Tariff Bureau, Inc.,* 476 U.S. 409, 106 S.Ct. 1922, 90 L.Ed.2d 413 (1986) (motor carriage); *Arkansas La. Gas Co. v. Hall,* 453 U.S. 571, 101 S.Ct. 2925, 69 L.Ed.2d 856 (1981) (Arkla) (natural gas production); *Montana–Dakota Util. Co. v. Northwestern Pub. Serv. Co.,* 341 U.S. 246, 71 S.Ct. 692, 95 L.Ed. 912 (1951) (electric utilities); *INF, Ltd. v. Spectro Alloys Corp.,* 881 F.2d 546 (8th Cir.1989) (common carriage generally); *Pinney Dock & Transp. Co. v. Penn Cent. Corp.,* 838 F.2d 1445 (6th Cir.1988) (dockside loading, unloading, and handling), *cert. denied,* 488 U.S. 880, 109 S.Ct. 196, 102 L.Ed.2d 166 (1988); *MCI Communications Corp. v. AT & T,* 708 F.2d 1081, 1145 (7th Cir.) (telecommunications), *cert. denied,* 464 U.S. 891, 104 S.Ct. 234, 78 L.Ed.2d 226 (1983). "Although the doctrine has been applied primarily in the context of federal regulation, it applies equally where state law creates a state agency and a statutory scheme pursuant to which the state agency determines reasonable rates." *Metro–Link,* 919 S.W.2d at 693, citing *Wegoland Ltd. v. NYNEX Corp.,* 806 F.Supp. 1112, 1115 (S.D.N.Y.1992), *aff'd,* 27 F.3d 17 (2d Cir.1994). Moreover, "the filed rate doctrine may apply to bar state causes of action as well as federal causes of action." *Id.* Citing *Arkansas Louisiana Gas Co. v. Hall,* 453 U.S. 571, 579–582, 101 S.Ct. 2925, 2931–32, 69 L.Ed.2d 856 (1981).

■ Although there appear to be no Texas or Fifth Circuit cases extending the application of the filed rate doctrine to the insurance industry, considering the language in *Metro–Link* and *Wegoland,* and considering the purposes of the filed rate doctrine, it is equally applicable to the insurance industry as to other industries where a state agency determines reasonable rates pursuant to a statutory scheme.[8]

Plaintiffs argue that the filed rate doctrine should not apply because rates filed by Allstate during 1992 through 1996 were not determined by the state agency, the Texas Department of Insurance. Rather, the Commissioner of Insurance determined the benchmark rate only, which Plaintiffs are not questioning. This argument is without merit.

According to Texas Insurance Code art. 5.101 § 3(e) "[a]n insurer may use any rate by classification within the flexibility band without prior approval by the commissioner." Allstate must then file its proposed rates within thirty days of the effective date of the benchmark rate. As pointed out by Allstate, if the proposed rates are

---

8. In *Calico Trailer Manufacturing Co., Inc. v. Insurance Company of North America,* 1994 WL 823554 (E.D.Ark.), the district court found the filed rate doctrine barred plaintiff's challenge to insurance rates that had been approved by the state's insurance commissioner. The essence of plaintiff's complaint was that it had to pay rates that were inflated as a result of a conspiracy among the defendant insurance companies.

within the range of rates authorized by the flexibility band, these rates take effect without prior approval from the TDI.[9] Rates "that are filed with the appropriate regulatory agency have the force and effect of law, until suspended or set aside." *Metro–Link*, 919 S.W.2d at 694, n. 4 citing *Keogh v. Chicago and Northwestern Railroad*, 260 U.S. 156, 162–63, 43 S.Ct. 47, 67 L.Ed. 183 (1922). As stated in *Metro–Link*, the rates "already had the force and effect of law" and Plaintiffs cannot deny the effect of the filed rates. *Metro–Link*, 919 S.W.2d at 694, n. 4. Thus, the Court finds that although the commissioner does not establish the actual rates, but only the benchmark rate, the rates filed within the flexibility band are effective and presumed to be valid.[10]

■ Plaintiffs argue that if the Court were to apply the filed rate doctrine to this case, it would actually mandate a discriminatory rate charge, which the filed rate doctrine is designed to preclude. Plaintiffs contend that the purpose of the filed rate doctrine is to prevent a discriminatory rate yet to apply it in this case would do the exact opposite—ensure that Allstate's lower risk regular market insured are discriminated against by requiring them to pay for high-risk insureds' insurance.[11] The Court finds this argument to be without merit as well.

As stated earlier, the filed rate doctrine assumes that rates that have been filed and approved are "reasonable and non-discriminatory." *Square D, supra* at 415, 106 S.Ct. 1922. "The considerations un-derlying the doctrine ... are preservation of the agency's primary jurisdiction over reasonableness of rates and the need to ensure that regulated companies charge only those rates of which the agency has been made cognizant." *Arkansas Louisiana Gas Co., supra*, at 577–78, 101 S.Ct. 2925. Here, the commissioner was fully cognizant of the rates filed and charged by Allstate during the years 1992 through 1996, as evidenced by the filings made by Allstate.[12] The statutory rating program in place mandates the commissioner to "promulgate a benchmark rate" for certain insurance lines. Tex. Ins.Code art. 5.101 3(b). Moreover, the statutory rating program makes the rates filed within the flexibility band effective from the date the rates are received by the commissioner and they are "presumed to be valid ...." Tex. Ins.Code art. 5.101(3)(f). Given these statutory provisions, the application of the filed rate doctrine would not mandate a discriminatory rate charge as claimed by Plaintiffs. If the Court did not enforce the filed rate, discrimination could result between customers, which would violate the antidiscrimination command found in Art. 5.09(a) of the Texas Insurance Code.[13]

Based on the foregoing, the Court finds the filed rate doctrine applies because Plaintiffs' claims implicate the reasonableness of the filed rates. Any calculation of damages would involve this Court in retroactive alteration of the filed rate, a function which this Court should not perform.

9. "Flexibility band" means the range of rates from 30 percent below to 30 percent above, inclusive, the benchmark rates set by the commissioner by line, within which an insurer during a set period relative to a particular line, may increase or decrease rate levels by classifications without prior approval by the commissioner. Tex. Ins.Code, art. 5.101 § 2(3).

10. "Filed rates within the flexibility band are effective as provided in subsection (e) of this section and are presumed to be valid and in compliance with the requirements of that subsection." Tex. Ins.Code art. 5.101 § (f).

11. Plaintiffs Response to Defendant Allstate's Motion to Dismiss, p. 29–30.

12. Exhibit "A" to Exhibit "A" to Plaintiffs' Response to Defendant Allstate's Motion to Dismiss.

13. "[N]o insurer ... shall in its business in this State, make or permit any distinction or discrimination in favor of the insured having a like hazard, in the matter of the charge of premiums for insurance ...." Tex. Ins.Code, art. 5.09(a).

Therefore, all of Plaintiffs' claims are barred by the filed rate doctrine.

Because the Court finds the filed rate doctrine bars Plaintiffs' claims, the Court does not address Allstate's argument that Plaintiffs have no private right of action under Art. 5.101 of the Texas Insurance Code. It is therefore

ORDERED that Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) is hereby and all things GRANTED. It is further

ORDERED that all other motions not previously ruled upon are DENIED.