## In re INDUSTRIAL LIFE IN-SURANCE LITIGATION.

### No. Civ.A. MDL 1371.

United States District Court, E.D. Louisiana.

June 13, 2001.

---

A.  No.

*Id.* p. 38.

**232.**  Doc. # 86.

**233.**  Docs. #106–1, –2, –3, –4, –6, –8,. –9, –10, –11, –12.

**234.**  Doc. # 136–1.

**235.**  Doc. # 136–2.

Bob F. Wright, Domengeaux, Wright, Roy & Edwards, Lafayette, LA, Donald Burnham Ensenat, Locke, Liddell & Sapp, LLP, New Orleans, LA, for John Bratcher, plaintiff.

Stephen H. Kupperman, Stone, Pigman, Walther, Wittmann & Hutchinson, LLP, New Orleans, LA, Joel S. Feldman, Sachnoff & Weaver, Chicago, IL, for Monumental Life Insurance Company, defendant.

Stephen H. Kupperman, Stone, Pigman, Walther, Wittmann & Hutchinson, LLP, New Orleans, LA, Joel S. Feldman, Sachnoff & Weaver, Chicago, IL,, Andrew J. Mytelka, Greer, Herz & Adams, Galveston, TX, for American National Life Insurance Company, defendant.

R. Patrick Vance, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, Stephen H. Kupperman, Stone, Pigman, Walther, Wittmann & Hutchinson, LLP, New Orleans, LA, Joel S. Feldman, Sachnoff & Weaver, Chicago, IL, William B. Hill, Jr., Paul Hastings Janofsky & Walker, Atlanta, GA, for Life Insurance Company of Georgia, defendant.

Harold C. Hirshman, Sonnenschein, Nath & Rosenthal, Chicago, IL, for Unitrin Inc., defendant.

William Joseph Hamlin, Bordelon, Hamlin & Theriot, New Orleans, LA, for Security Industrial Life Insurance Company, defendant.

Raymond Joseph Salassi, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, for Western and Southern Life Insurance Company, defendant.

## ORDER AND REASONS

FELDMAN, District Judge.

Before the Court is defendant American National's Motion to Challenge Jurisdiction. For the reasons that follow, the motion is DENIED without prejudice as being premature.

### Background

In this MDL proceeding, the plaintiffs assert that for decades the defendant, American National Insurance Company has discriminated against blacks and other minorities in the sale and administration of low-value life insurance policies. They assert that the company sold minorities inferior policies for higher premiums than they sold to white customers. Plaintiffs add that the defendants also refused to sell minorities the same economically superior policies that they sold to white customers and that they imposed limitations on the policy face amounts and policy features available to the minorities. The plaintiffs

make claims for racial discrimination under 42 U.S.C. §§ 1981 and 1982 and under state laws. American National challenges whether the Court has jurisdiction over these consolidated cases.

*Law and Application*

### I. *Propriety of Defendant's Motion Challenging Jurisdiction*

The Court must first determine whether this motion is properly before the Court. Paragraph XI of Case Management Order No. 1 mandates that all motions and orders that were filed or entered before these consolidated proceedings were transferred are stayed until class certification and jurisdiction issues are determined. The only motions that the Court will hear at this stage must focus on class issues or jurisdiction. The defendant casts this motion in jurisdiction terms. Plaintiffs assert that this motion is merely a motion to dismiss in disguise because the issues raised by the defendant—the filed-rate doctrine and the McCarran–Ferguson Act—are not jurisdictional issues.[1] They are defensive bars.

American National asserts that it's motion is proper under Rule 12(b)(1) for lack of jurisdiction because the issues raised in the motion impact the Court's subject matter jurisdiction. It maintains that the filed-rate doctrine is entirely jurisdictional in nature because courts do not have jurisdiction to consider claims which are subject to the doctrine. It also asserts that the McCarran–Ferguson Act is jurisdictional because it preempts the basis for subject matter jurisdiction in federal courts. The Court does not agree.

In *Korte v. Allstate Ins.*, 48 F.Supp.2d 647 (E.D.Tex.1999) a case invoked by both sides, the district court analyzed a similar motion challenging jurisdiction under Rule 12(b)(6) rather than Rule 12(b)(1) because the filed-rate doctrine, the district court said, operated as a defensive bar to any recovery by the plaintiff. In a well-reasoned decision, the court decided the filed-rate doctrine is not a jurisdictional issue, it is a merits issue. Earlier, in *U.S. v. Cavin*, 39 F.3d 1299 (5th Cir.1994), the Court of Appeals wrote, in a criminal case, that the "McCarran–Ferguson [Act] does not erect a jurisdictional bar." *Id.* at 1305. (citing *Dexter v. Equitable Life Assurance Society of the United States*, 527 F.2d 233 (2d Cir.1975)); see also *U.S. v. Blumeyer*, 114 F.3d 758 (8th Cir.1997) (McCarran–Ferguson objection is not jurisdictional).[2] Therefore, although the issues raised could

---

1. The filed-rate doctrine prevents a customer from challenging a rate charged by a regulated entity when the rate was properly filed with and approved by a regulatory agency. The McCarran–Ferguson Act allows the states to regulate and tax the business of insurance without interference from federal statutes that might impose broad-sweeping barriers.

2. American National points to *Dana Corp. v. Blue Cross & Blue Shield Mutual of Northern Ohio*, 900 F.2d 882, 888 (6th Cir.1990) and *Murff v. Professional Medical Ins. Co.*, 97 F.3d 289, 290 (8th Cir.1996). It argues that these cases decided that application of the McCarran–Ferguson Act is a jurisdictional issue. The Court is persuaded that, although elusive, the Fifth Circuit decision in *Cavin*, 39 F.3d 1299, represents the view of the Circuit, and

is the better reasoned view in this Court's opinion. See also *U.S. v. Robertson*, 158 F.3d 1370, 1371 (9th Cir.1998); *U.S. v. Blumeyer*, 114 F.3d 758, 768 (8th Cir.1997); *Dexter v. Equitable Life Assurance Society of the United States*, 527 F.2d 233, 236–37 (2d Cir.1975); *Ambrose v. Blue Cross & Blue Shield of Virginia, Inc.*, 891 F.Supp. 1153, 1154 (E.D.Va. 1995). Neither *Dana Corp.* nor *Murff* reached the McCarran–Ferguson issue. *Dana Corp.* merely turned on questions related to Ohio administrative process (while vaguely mentioning the Act), and *Murff* simply remanded to the district court to determine whether the case should have been stayed, not dismissed. (In fact, a year after *Murff*, the Eighth Circuit spoke directly to the issue in *Blumeyer*.)

become serious merits issues, American National's motion is not properly before the Court. The motion is DENIED without prejudice as premature under paragraph XI of Case Management Order No. 1. Rule 12(b)(6) and Rule 56 motions will come in time.