**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 99-10587
Summary Calendar

In the Matter of: FIRST CITY BANCORPORATION OF TEXAS, INC.,

Debtor.

STEPHEN WHELAN; JERRY KRIM; HAROLD L. HARRIS,
Individually and as Trustee of Mazel, Inc. Profit Sharing Plan
and the Group of Securities Litigation,

Appellants,

versus

HEFFLER, RADETICH & SAITTA, LLP; CARRINGTON,
COLEMAN, SLOMAN & BLUMENTHAL, LLP; C. IVAN
WILSON; ROBERT W. BROWN,

Appellees.

Appeal from the United States District Court
for the Northern District of Texas
(3:98-CV-2332-G)

December 23, 1999

Before POLITZ, JONES, and WIENER, Circuit Judges.

POLITZ, Circuit Judge:[*]

Stephen Whelan, Jerry Krim, and Harold Harris, individually and as Trustee

of Mazel, Inc. Profit Sharing Plan, and the Group of Securities Litigation Claimants

appeal the district court's order affirming the dismissal of their amended complaint

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by the bankruptcy court for failure to state a claim. For the reasons assigned, we affirm.

## BACKGROUND

In May 1995, the bankruptcy court confirmed First City Bancorporation's Joint Plan of Reorganization. The Plan provided for a settlement between First City and the Class 8 Claimants, former First City shareholders with Bankruptcy Code § 510(b) securities litigation claims. The settlement with First City was negotiated by Harvey Greenfield on behalf of the Class 8 Claimants as a group, although the identities and numbers of the claimants were not fully known at that time. To share in the settlement, the Class 8 Claimants were required to file proofs of claim with the bankruptcy court by December 13, 1994. The firm of Heffler, Radetich, and Saitta, L.L.P. was hired by First City and First City's bankruptcy counsel, Carrington, Coleman, Sloman, & Blumenthal, L.L.P., to administer the settlement fund and notify all potential Class 8 Claimants of the December bar date. Several complications arose regarding the notification process, occasioning some of the Class 8 Claimants not to receive notice of the bar date or of the subsequent shareholder vote regarding the three competing plans of reorganization. Steps were taken to correct the deficiencies. Because of the notification problems, the bankruptcy court extended the original deadline for filing proofs of claim to grant all Class 8 Claimants an opportunity to share in the settlement. Because the deadline for the shareholder vote expired, however, some of the Class 8 Claimants who received late notice were unable to vote on the Plan.

2

The appellants filed suit against Heffler, Carrington, Ivan Wilson,[1] and Robert W. Brown,[2] alleging due process violations, common law fraud, breach of fiduciary duty, negligence, and gross negligence arising from the notification problems. Specifically, appellants complained that the appellees failed to provide some of them with timely notice, and that such failure deprived them of the opportunity to vote on the Plan. They also maintained that the failure to provide proper notice resulted in a dilution of their distributions under the settlement because other claimants were allowed to file claims after the original bar date.

The bankruptcy court granted the appellees' motion to dismiss on two grounds. The bankruptcy court first concluded that the appellants suffered no cognizable injury, thus negating an essential element of each claim. Because they lacked cognizable injury, the court also determined that appellants had no standing to pursue claims on behalf of other unidentified persons who may have a claim against appellees. In addition, the bankruptcy court concluded that the appellants failed to state a claim upon which relief could be granted for each cause of action asserted.

The appellants appealed the bankruptcy court's dismissal to the district court, addressing the injury and standing issues. Their brief did not, however, discuss the bankruptcy court's conclusion that their allegations were insufficient to state a claim, and the district court assumed that the appellants abandoned any objection

---

[1]Chief Executive Officer and Chairman of the Board of Directors for First City.

[2]President and member of the Board of Directors for First City.

to that ground for dismissal. Determining that the substantive flaws in the appellants' claims provided an independent and adequate basis for dismissal under Rule 12(b)(6),[3] the district court affirmed the bankruptcy court's dismissal without reaching a conclusion on the injury and standing issues. This appeal followed.

## ANALYSIS

We review a Rule 12(b)(6) dismissal *de novo*, liberally construing the complaint in favor of the plaintiffs-appellants and deeming all facts pleaded to be true.[4] The dismissal will not be affirmed unless it appears beyond doubt that the appellants can prove no set of facts in support of their allegations which would entitle them to relief.[5]

The appellees urge us to dismiss this appeal because the appellants failed to designate a record on appeal and failed to file a statement of issues as required by Rule 6(b)(2)(B)(i).[6] In failing to comply with these procedural requirements, the appellants relied upon erroneous advice from the clerk's office. Although the appellate rules are explicit about what is required in such an appeal, we conclude that the appellants' reliance upon the clerk's office is a mitigating factor effectively neutering the basis for dismissal of the appeal. We decline to dismiss this appeal based upon the appellants' procedural misstep. We therefore address the merits of

---

[3]FED. R. CIV. PROC. 12(b)(6).

[4]**See Lowrey v. Texas A & M University System**, 117 F.3d 242 (5th Cir. 1997).

[5]**Conley v. Gibson**, 355 U.S. 41 (1957).

[6]FED. R. APP. PROC. 6(b)(2)(B)(i).

4

their appeal.

We first conclude and hold that the bankruptcy court was correct in finding that the appellants lacked cognizable injury. Their injury cannot be based upon dilution of the settlement fund because the notice problems had no effect on the total settlement amount, a sum which was negotiated at a time when the identity and number of Class 8 Claimants was uncertain. The fact that more claimants existed than anticipated at the time of settlement cannot constitute injury, absent a misrepresentation or omission by the appellees regarding the number of claimants. No such allegation of misrepresentation or omission was made by the appellants. On appeal, the appellants also point to the dilution of the settlement fund for administrative costs incurred to correct the notification problems, complaining that their distributions were reduced by such costs. This contention was not raised in their amended complaint, nor is there any indication that it was raised in the bankruptcy court before the court granted the appellants' motion to dismiss. We therefore do not consider this proposition on appeal. Likewise, we do not consider the assertion that litigation costs associated with the notification problems constitute a basis for injury because it, too, is raised for the first time on appeal. We do not find persuasive and do not accept the proposition that costs to litigate the underlying lawsuit–initiated by the appellants–can comprise legally cognizable injury. Further, the fact that one of the appellants was not able to vote on the Plan due to late notice does not constitute injury because the appellants have not alleged that the claimants who were denied the opportunity to vote were

5

sufficient in number to affect the results of the confirmation process. Because the appellants received notice and have not suffered any cognizable injury, they cannot now assert claims on behalf of other Class 8 Claimants who have suffered actual injury because they were not notified of the bankruptcy. The bankruptcy court properly held that the appellants lacked injury and standing to assert the claims set forth in their complaint.

We next conclude that the appellants' complaint was properly dismissed because it failed to state claims upon which relief can be granted. As previously noted, the appellants have no legally cognizable injury, which is an essential element of claims for relief based on each of their allegations. Further, the appellants' due process claim fails because the appellees are not state actors. The fraud claim fails because the complaint does not allege a specific misrepresentation or omission, nor does it sufficiently allege reliance or causation. Appellants also fail to state a claim for breach of fiduciary duty because they received notice and incurred no injury; thus, there can be no breach of the appellees' duty to provide the appellants with adequate notice or to deal fairly with them. Finally, the negligence and gross negligence claims fail because the complaint does not sufficiently allege any facts that could support a finding that any damages were proximately caused by the appellees' alleged negligence. In sum, it appears beyond doubt that the appellants can prove no set of facts in support of their allegations which will entitle them to relief. Their amended complaint was dismissed properly under Rule 12(b)(6).

The judgment appealed is AFFIRMED.