# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 18, 2011

Lyle W. Cayce
Clerk

No. 10-30022
Summary Calendar

RONNIE ADOLPHUS NOEL,

Plaintiff-Appellant

v.

CRAIG WEBRE, Lafourche Parish Sheriff; EDDIE RODRIGUE, Warden; SANDY AUTIN, Head Nurse; LATASHA S. DAVIS, Correctional Officer III,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-6391

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Ronnie Adolphus Noel, currently Louisiana prisoner # 118807, filed a civil rights complaint alleging that his constitutional rights had been violated when he was housed as a detainee in the Lafourche Parish Prison (LPP). Noel, who is confined to a wheelchair, alleged that he was denied medical treatment, housed in unconstitutional conditions, subjected to excessive force, and denied access to the courts while in the LPP. The parties consented to proceed before

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a magistrate judge (MJ). Noel moved to file an amended complaint adding three more defendants. The MJ denied the motion noting that the matter had been pending for two years and that the trial was less than a month away. Contrary to Noel's argument on appeal, this was not an abuse of discretion. *See Lowrey v. Texas A&M University System*, 117 F.3d 242, 245 (5th Cir. 1997).

Following a bench trial, the MJ issued an order and reasons dismissing Noel's complaint with prejudice. The MJ found that Noel suffered from syringomyelia and that this condition constituted a serious medical need. The MJ found that Noel's condition had not been ignored, but that he had been seen and evaluated by the LPP medical staff on numerous occasions, had been given several medications, and had been transferred to a hospital emergency room when warranted by his medical complaints. The MJ rejected Noel's claim of inadequate medical care because his complaints amounted to a disagreement with his medical care but did not establish deliberate indifference to his serious medical needs.

The MJ dismissed Noel's complaint of excessive force based on a credibility determination. The MJ found that Noel's testimony that he had been viciously assaulted by officer Latasha Davis while corrections officers searched his cell and wheelchair for contraband was false. The MJ credited Davis's testimony that she had restrained Noel to protect other officers and to prevent him from biting her while the search was conducted.

The MJ dismissed Noel's complaint regarding conditions of confinement based on a lack of evidence because they were supported by no evidence other than Noel's "uncorroborated and conclusory allegations." The MJ dismissed Noel's complaint of denial of access to the courts based on a lack of evidence. The MJ found that Noel had no protected liberty interest in the prison grievance procedure. Noel has now appealed and is challenging the district court factual and legal findings.

No. 10-30022

In an appeal from a bench trial, this court reviews the district court's findings of fact for clear error and questions of law de novo. *Water Craft Mgmt. LLC v. Mercury Marine,* 457 F.3d 484, 488 (5th Cir. 2006). This court will find clear error if

> (1) the findings are without substantial evidence to support them, (2) the court misapprehended the effect of the evidence, and (3) although there is evidence which if credible would be substantial, the force and effect of the testimony, considered as a whole, convinces the court that the findings are so against the preponderance of credible testimony that they do not reflect or represent the truth and right of the case.

*Id*. (citing *Moorhead v. Mitsubishi Aircraft Int'l, Inc.,* 828 F.2d 278, 283 (5th Cir.1987)).

Noel argues that the MJ erred in dismissing his complaints of inadequate medical treatment. A detainee's constitutional rights spring from the Fourteenth Amendment's procedural and substantive due process clauses. *Bell v. Wolfish*, 441 U.S. 520, 535-36 (1979)). If a pretrial detainee bases his claim upon a prison official's "episodic acts or omissions," the standard of subjective deliberate indifference enunciated in *Farmer v. Brennan*, 511 U.S. 825, 837 (1994), is the measure of culpability. *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). On appeal, Noel does not address the deliberate indifference standard. Rather, he focuses his argument on his assertion that, under Louisiana law, he was entitled to have a physician treat his complaints. Noel has not shown that the MJ erred in dismissing this claim.

Noel argues that the MJ erred in finding that his version of the events of the alleged excessive use of force were not credible. An excessive force claim by a pretrial detainee is also governed by the Due Process Clause of the Fourteenth Amendment. *See Brothers v. Klevenhagen*, 28 F.3d 452, 455-56 (5th Cir. 1994) (citing *Valencia v. Wiggins*, 981 F.2d 1440, 1443-45 (5th Cir. 1993)). The question under this analysis is whether the force applied was in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the

very purpose of causing harm. *Hudson v. McMillian*, 503 U.S. 1, 5-10 (1992); *Valencia*, 981 F.2d at 1446. As noted above, factual findings will not be reversed if they are supported by substantial evidence. *Water Craft Mgmt. LLC,* 457 F.3d at 488. Davis's testimony at trial was clear that during the search of Noel's cell he lashed out at the corrections officers and that she had to restrain him using the procedures she had been trained to employ. On appeal, Noel argues that this testimony was not true, but offers no evidence to support this assertion. This is not sufficient to show that the MJ was clearly erroneous in her fact finding.

As part of his list of issues on appeal, Noel asserted that the MJ court erred in dismissing his claims related to the conditions at the jail. In the body of his brief, Noel did not elaborate on this bald assertion by providing recognizable argument that addressed the MJ's analysis of the issue. This issue has been abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987)

Noel argues that the MJ erred in rejecting his denial-of access-to-courts claim and prison-grievance claim. With respect to the first argument, there is a constitutionally protected right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To prevail on such a claim, Noel must show that he was prejudiced by the alleged violation. *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). Noel has made no such showing. With respect to prison grievances, the MJ was correct in concluding that allegations regarding the handling of Noel's grievances do not give rise to a constitutional claim. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005).

AFFIRMED.